UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RAFAEL SANTOS | ) | |
| | ) | |
| v. | ) | C.A. No: 06-522S |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

**GOVERNMENT'S MOTION TO DISMISS PETITIONER'S MOTION PURSUANT TO 28 U.S.C. § 2255**

Comes now the United States of America, by an through its attorneys, Robert Clark Corrente, United States Attorney for the District of Rhode Island, and Adi Goldstein, Assistant U.S. Attorney, and hereby objects to the defendant's Motion to Vacate, Set Aside, or Otherwise Correct Sentence Pursuant to 28 U.S.C. § 2255 for the reasons stated in the accompanying memorandum.

Respectfully submitted,

UNITED STATES OF AMERICA

By Its Attorneys,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

/s/ Adi Goldstein
ADI GOLDSTEIN, #6701
Assistant U.S. Attorney
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000
(401) 709-5001 (fax)
Email: adi.goldstein@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of January, 2007, I caused to be electronically filed the foregoing Government's Motion to Dismiss Petitioner's Motion Pursuant to 28 U.S.C. § 2255 with the Clerk of the United States District Court for the District of Rhode Island. I further certify I caused a copy of the above Motion to be forwarded, by postage prepaid mail, to:

Rafael Santos, #05654-070
Low Security Correctional Institution - Allenwood
P.O. Box 1000
White Deer, PA 17887

/s/ Adi Goldstein

ADI GOLDSTEIN, #6701
Assistant U.S. Attorney
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000
(401) 709-5001 (fax)
Email: adi.goldstein@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RAFAEL SANTOS | ) | |
| | ) | |
| v. | ) | C.A. No: 06-522S |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF GOVERNMENT'S MOTION TO DISMISS PETITIONER'S MOTION PURSUANT TO 28 U.S.C. § 2255**

## I. INTRODUCTION

The petitioner, Rafael Santos (Santos), filed a motion pursuant to 28 U.S.C. § 2255 on or about November 9, 2006. While it is not completely clear what Santos alleges as the basis for error in his petition, it appears that he is raising a claim of ineffective assistance of counsel as it relates to his sentence. Santos's petition is frivolous and should be dismissed without a hearing.

## II. TRAVEL OF THE CASE

Santos pleaded guilty to a four count Indictment on November 29, 2005. The Indictment charged Santos with conspiracy to distribute heroin (Count I), distribution of heroin (Counts II and III), and a criminal forfeiture count (Count IV). In the plea agreement signed by the defendant, he stipulated that the total amount of heroin involved in this case was 198 grams of heroin.

Defendant was sentenced on April 7, 2006. The sentencing

took place following the Supreme Court's decision in Booker, and accordingly the defendant was sentenced under the advisory guidelines. Prior to sentencing, defense counsel, William Murphy, submitted a lengthy sentencing memorandum in which he advocated for a sentence below the guidelines. At the sentencing, the government recommended a sentence at the low-end of the guidelines range, 46 months. The defense advocated for a sentence of 37 months. Ultimately the Court imposed a sentence of 41 months, or 5 months below the advisory guidelines range.

Defendant did not appeal his conviction or his sentence.

## III. GOVERNING LAW

A. MOTIONS UNDER 28 U.S.C. § 2255

Section 2255 provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence is in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion under 28 U.S.C. § 2255 is a substitute for habeas corpus. Relief is available under this section only if the same relief is available under the writ. Hill v. United States, 368 U.S. 424, 427 (1962). The grounds justifying relief under § 2255 are limited. Section 2255 does not grant to a defendant the

right to retry cases in which he has been adjudged guilty.

Taylor v. United States, 177 F.2d 194, 195 (4th Cir. 1949).

In United States v. Addonizio, 442 U.S. 178, 184-185 (1979), the Supreme Court Stated:

> It has, of course long been settled law that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment... [U]nless the claim alleges a lack of jurisdiction or constitutional error, the scope of collateral attack has remained far more limited... The Court has held that an error of law does not provide a basis for collateral attack unless the claimed error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice'... Similar limitations apply with respect to claimed errors of fact.

See also Davis v. United States, 417 U.S. 333, 346 (1974). A collateral attack may not substitute for an appeal. United States v. Frady, 456 U.S. 152, 165 (1982); Dirring v. United States, 370 F.2d 862, 865 (1st Cir. 1967). To obtain collateral relief, a prisoner must clear a significantly higher hurdle than would exist on direct appeal. A defendant cannot raise in a federal habeas proceeding issues which he failed to raise at trial or on direct appeal absent a showing of cause for the failure and a showing of prejudice. Knight v. United States, 37 F.3d 769, 774 (1st Cir. 1994).

B. ENTITLEMENT TO A HEARING

Section 2255 provides that the court should hold a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Rule 4(b) of the rules governing section 2255

proceedings for the United States District Courts provides in pertinent part that "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified." Id. The burden is on the movant to prove by a preponderance of the evidence that he is entitled to a hearing. Myatt v. United States, 875 F.2d 8, 11 (1st Cir. 1998).

The First Circuit has stated that no hearing is required where the § 2255 motion: (1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case. Moran v. Hogan, 494 F.2d 1220, 1222 (1st Cir. 1974); United States v. Carbone, 880 F.2d 1500, 1502 (1st Cir.), cert. denied, 493 U.S. 1078 (1990). Moreover, the First Circuit also held that "no hearing is required where the district judge is thoroughly familiar with the case." Ouellette v. United States, 862 F.2d 371, 377 (1st Cir. 1988); Panzardi-Alvarez v. United States, 879 F.2d 975 n.8 (1st Cir. 1989). A district judge's personal observation and recollection of the events at trial may supplement the record. Gregory v. United States, 585 F.2d 548, 550 n.1 (1st Cir. 1978); United States v. DiCarlo, 575 F.2d 952, 54-955 (1st Cir. 1978).

C. INEFFECTIVE ASSISTANCE OF COUNSEL

The Supreme Court set forth the two-prong analysis for assessing claims of ineffective assistance of counsel in Strickland v. Washington, 466 U.S. 668, 687-688 (1984). The party advancing the claim must show: 1) that his attorney's performance fell below an objective standard of reasonableness, and 2) that he was prejudiced as a result of his attorney's deficient performance. Id.; United States v. Caggiano, 899 F.2d 99, 101 (1st Cir. 1990). A defendant must meet the heavy burden imposed by the law for each of these prongs in order to make a successful ineffective assistance of counsel claim. Argencourt v. United States, 78 F.3d 14, 16 (1st Cir. 1996). The defendant must establish that counsel's performance was not within the wide range of reasonable professional assistance. Singleton v. United States, 26 F.3d 233, 238 (1st Cir.), cert. denied, 115 S.Ct. 517 (1994).

Courts are deferential in reviewing an attorney's performance: an attorney must only provide reasonably effective assistance. Singleton, 26 F.3d at 238. The court must scrutinize counsel's conduct on the "... totality of the circumstances before it, and making every effort to eliminate the distorting effects of hindsight." Id. (quoting United States v. Nantel, 938 F.2d 302, 309-310 (1st Cir. 1993)). There is a

"strong presumption that conduct falls within this wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances the challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1995)). Counsel need not jump through every conceivable hoop, nor engage in futile exercises, in order to be considered effective. United States v. Cronic, 466 U.S. 648, 656 n.19 (1984).

Even if the defendant proves that counsel's performance was objectively unreasonable, he cannot prevail unless he can also show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Perron v. Perrin, 742 F.2d 669, 673 (1st Cir. 1984)(quoting Strickland, 466 U.S. at 693-694)(emphasis supplied). Thus "the court must not only find that defense counsel's performance was deficient, but it was so prejudicial as to undermine confidence in the outcome." Strickland, 466 U.S. at 689. If a claim of ineffective counsel can be disposed of on the ground of lack of prejudice, the court should do so. Perron, 742 F.2d at 673. The defendant's motion presents such a claim.

**IV. ARGUMENT**

1. The indictment was sufficient.

Petitioner appears to allege that his counsel was ineffective because he failed to object to the Indictment as vague. This argument lacks any merit and is, in any event, waived as it was not raised below, or on appeal. Petitioner has not set forth any case law supporting his argument that the precise drug amount must be alleged in the Indictment. This is because, as petitioner acknowledges, the drug amount is not an element of the offense. See, e.g., United States v. Gomez-Rosario, 418 F.3d 90, 104 (1st Cir.2005); Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (drug quantity must be determined by jury beyond a reasonable doubt only if it raises statutory maximum). Furthermore, petitioner's argument on this point rings hollow as he specifically admitted to a drug amount in the plea agreement, and again during his change of plea hearing.

2. Defendant was sentenced under the advisory guidelines

Defendant appears to claim that he was prejudiced by counsel's ineffective assistance because he was sentenced under a mandatory guidelines regime. This is not the case. As the Judgement of Conviction reflects, the defendant was sentenced under the advisory guidelines. Moreover, defendant cannot show any ineffective assistance of counsel, as the Court, in fact,

followed his counsel's recommendation and sentenced the defendant to a term below the guidelines range. Defendant was sentenced to 41 months, only 4 months over his lawyer's recommendation. Clearly, defendant suffered no prejudice.

3. Forfeiture Issues

Defendant pleaded guilty to the forfeiture count of the Indictment. In so doing, defendant admitted that his business was used as a location for dealing drugs. Indeed, as the prosecution version in this case demonstrated, defendant sold heroin out of the parking lot of his business on more than one occasion. Defendant also signed a consent decree for forfeiture. Again, defendant has shown no reason why this forfeiture was not valid. He did not contest it below nor on appeal.

Defendant also appears to complain about the seizure of certain items of jewelry by the DEA. This seizure was conducted administratively by the DEA, and defendant had an opportunity to contest this seizure in administrative hearings. This seizure was not part of the sentence imposed by this Court, and therefore is not properly a subject of this 2255 petition.

V. Conclusion

For the reasons set forth above, petitioner's motion should be denied and dismissed without a hearing.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Adi Goldstein
ADI GOLDSTEIN, #6701
Assistant U.S. Attorney
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000
(401) 709-5001 (fax)
Email: adi.goldstein@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of January, 2007, I caused to be electronically filed the foregoing Memorandum of Law in Support of Government's Motion to Dismiss Petitioner's Motion Pursuant to 28 U.S.C. § 2255 with the Clerk of the United States District Court for the District of Rhode Island. I further certify I caused a copy of the above Memorandum to be forwarded, by postage prepaid mail, to:

Rafael Santos, #05654-070
Low Security Correctional Institution - Allenwood
P.O. Box 1000
White Deer, PA 17887

/s/ Adi Goldstein

ADI GOLDSTEIN, #6701
Assistant U.S. Attorney
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000
(401) 709-5001 (fax)
Email: adi.goldstein@usdoj.gov