UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>Respondent, | ) | |
| V. | ) | C.A. No: 06-522S |
| RAFAEL E. SANTOS<br>Petitioner. | ) | |

PETITIONER'S RESPONSE TO THE GOVERNMENT'S MOTION TO DISMISS PETITIONER'S MOTION PURSUANT TO 28 U.S.C. SECTION 2255

COMES NOW the Petitioner Rafael E. Santos and respectfully files his response to the Government's Motion to Dismiss Petitioner's Motion Pursuant to 28 U.S.C. Section 2255.

## ARGUMENT

Petitioner asserts that counsel was ineffective for advising him to enter into a plea agreement on an enhanced drug amount that was not charged in the indictment, instead of Petitioner pleading to the exact amount charged in the indictment. But under counsel's advice, Petitioner stipulated to total amount of heroin 198 grams. Counsel's representation fell below an objective standard of reasonableness pursuant to the prevailing professional norms and that but for counsel's professional errors he would not have pled. In the Government's response to Petitioner's 2255 Motion, the Government is trying to have it both ways, playing both the Judge and the Jury by suggesting

and supporting with case law that **"Petitioner must show that he had a viable defense that would likely have succeeded."**

There is no prediction of a case that never made it to trial, if there exists no reasonable probability that a possible defense would have succeeded at trial is merely speculative. The Government claimed Petitioner was vigorously represented by counsel during the sentencing phase of the proceeding when the outcome of that proceeding resulted in an enhanced drug quantity not charged in the indictment. **"The question is who determines the quantity of drugs involved that was not charged in the indictment."** The probation officer, who always gets it wrong or deliberately increases the drug quantity to appease the Government or the Judge with the preponderance of the evidence standard which the Blakely and Booker has disallowed.

The bedrock issue in this case at bar is whether counsel was constitutionally ineffective when he advised Petitioner to waive his right to appeal and collaterally attack his sentence, without knowing whether the proceedings following entry of the colloquy would be conducted in accordance with constitutional limitations.

Petitioner submits, and the Government would agree and acknowledge, that **"an ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of the waiver or the plea itself."** See **UNITED STATES V. WHITE**, 307 F3d 336, 343 (5th Cir **2002**). Petitioner further submits that a valid appeal waiver does not bar review of Sixth Amendment challenge to plea proceedings. See **UNITED STATES V. ATTAR**, 38 F3d 727, 732, 733 (4th Cir **1994**).

Applying the law with respect to plea waivers, Petitioner submits that counsel was ineffective when he advised Petitioner to plead guilty, waive his right to appeal the sentence, and waive his right to collaterally attack the sentence without knowing whether the proceedings following entry of the plea would be conducted in accordance with constitutional limitations.

The facts that increase the maximum prison sentence for an offense must be found by a jury beyond a reasonable doubt, for they constitute **"element"** of the offense. **APPRENDI V. NEW JERSEY**, 530 US 466, 530 (**2000**). The soundest and the most realistic view of section 841 is that Congress intended drug quantity to constitute a sentencing factor, not an **"element"** of the offense or crime under section 841: The statue is not susceptible to a contrary interpretation. **UNITED STATES V. NORDBY**, 225 F3d 1053, 1058 (9th Cir **2000**).

Petitioner avers that Defendants convicted of conspiracy under section 841 are sentenced pursuant to the provisions of section 841. Section 841 is separated into two primary sub-sections, 841(a) and 841(b). Section 841(a) is entitled, **"Unlawful Acts"**, stating it is unlawful for any person knowingly to manufacture, distribute or dispense or to possess with the intent to do so, a controlled substance. Section 841(b) does not fix a penalty for such conduct. The indictment violates the fundamental notions of due process by failing to change the offense and therefore, not withstanding the guilty plea, must be dismissed with prejudice.

It does not allege a particular or specific amount of drugs other than to recite that portion of the statute dealing with amounts over 50 grams in the indictment and presentence

investigation report. Under 21 U.S.C. 841, the amount of drugs alleged to have been involved in a conspiracy or in an offense must be charged. **UNITED STATES V. COTTON**, 261 F3d 397 (4th Cir 1999). The failure to allege the specific amount of drug involved constitutes a failure to charge a crime pursuant to these statutes, as the element of the offense (Citation). Concededly several courts of appeals have held that the recitation (in the indictment) of "**amount greater than 100 grams is a sufficiently specific statement of drug quantity to satisfy the Fifth Amendment.**" The logic of the Fifth Amendment analysis coupled with the virtually "**statutory**" statutes of the sentencing guidelines, **MISTRETTA V. UNITED STATES**, 488 US 361, render it constitutionally necessary to set forth a specific substantive conduct, to the extent that such a count would dictate a given sentencing guideline result and bracket. See **MISTRETTA V. UNITED STATES**, 488 US 361 (1989) and **UNITED STATES V. NORRIS**, 128 F Supp 2d 739, 741 (E.D.N.Y. 2001). In this light, the constitutional imperative for the indictment is to set forth a specific substantive count, so as to inform the Petitioner of the guideline level/bracket that conviction of that conduct would assign to him. The indictment failed such a litmus test.

The heroin transactions arrested in hearsay were 10 times as serious as the crime charged in the indictment. To hold that these crimes may be punished on a finding by a judge based solely on a preponderance of the hearsay evidence is inconsistent with the reasoning of **APPRENDI**, **BLAKELY** and **BOOKER**. The Petitioner pled guilty but did not admit to any specific amount of controlled dangerous substance. Even if there were such an admission,

there would be insufficient grounds to hold that there was a waiver, that the indictment was insufficient on account of its failure to charge a specific drug quantity. See **UNITED STATES V. MEACHUM, SUPRA**.

Before Apprendi, Blakely, and Booker, the information supporting a court's quantity determination had to evince **"sufficient indicta of reliability"**, a standard the court was to apply **"rigorously"**. **UNITED STATES V. BROTHERS**, 75 F3d at 848.

The federal drug sentencing statute, 21 U.S.C. section 841 and the commentary accompanying the guidelines, '**Drug Quantity Table**' tie sentences containing a detectable amount of drug. The District Court sentenced the Petitioner on the basis of the weight of the entire package drug conspiracy. The leading case on this issue, **CHAPMAN V. UNITED STATES**, 500 US 453, 461062 **(1991)**. Emphasized Congress's **"market-oriented approach"** to drug sentencing.

Petitioner submits that he was entitled to be sentenced advisory system as the Court noted in **BOOKER** that both the merit decision as well as the remedy decision must be applied retroactively to those on Direct Appeal — **BOOKER**, et al.

Structured errors have been described by the Court in **SULLIVAN V. LOUISIANA**, 508 US 275 **(1993)**, and other opinions as a **"defect affecting the framework within which the trial proceeds"** and an error that infects the entire trial process. The Supreme Court's reasoning **SULLIVAN** articulates the absurdity of applying harmless error analysis to **BLAKELY** sixth amendment violations. The court observed that the question that harmless error analysis requires a reviewing Court to consider is not

what effect the constitutional error might generally be expected to have upon a reasonable jury, but rather what effect it had upon the guilty verdict in the case at hand...."

Once the proper role of an Appellate Court engaged in the [harmless error] inquiry is understood, the illogic of harmless error review in the present case becomes evident.... There being no jury verdict beyond a reasonable doubt would have been rendered absent the constitutional error is utterly meaningless. There is no object, so to speak, upon which harmless error scrutiny can operate. the most a Court can conclude is that a jury would surely have found Petitioner guilty beyond a reasonable doubt — not that the jury's actual finding of guilty beyond a reasonable doubt would surely not have been different absent the constitutional error. That is not enough. The Sixth Amendment requires more that Appellate speculations about a hypothetical jury's action, or else directed verdicts for the State would be sustainable on Appeal; it requires an actual jury finding of guilty.

There was no jury finding beyond a reasonable doubt of aggravating factors warranting an enhanced sentence. It would be illogical to perform harmless error analysis in the absence of those findings. Instead of asking whether but for the error of the findings would have been the same, the Court would be asking whether but for the error the findings would have been different. Such an analysis is the equivalent of speculating on the jury's verdict, which the Supreme Court has held is never to be allowed.

January 24, 2007

Respectfully Submitted

Rafael Santos

**RAFAEL SANTOS**
#05654-070
L.S.C.I. ALLENWOOD
P.O. BOX 1000
WHITE DEER, PA 17887

**CERTIFICATE OF SERVICE**

I, Rafael Santos, **Pro Se**, hereby certify that copies of the foregoing was placed in the prison mailing system on January 24, 2007, forwarded to the United States District Court For The District of Rhode Island, 1 Exchange Terrace, Providence, Rhode Island 02903 and the United States Attorney's Office, 50 Kennedy Plaza 8th Floor, Providence, Rhode Island 02903, pre-paid first class US Mail.

Date: January 24, 2007

Respectfully Submitted

Rafael Santos

**RAFAEL SANTOS**