U.S. Department of Justice
Drug Enforcement Administration

www.dea.gov

JUL 30 2006

**CERTIFIED MAIL – RETURN RECEIPT REQUESTED**

Raymond A. Mansolillo
Attorney at Law
Murphy & Fay, L.L.P.
127 Dorrance Street, 2nd Floor
Providence, RI 02903

| | | |
|---|---|---|
| Re: | DEA Case No.: | CH-05-0006 |
| | Asset ID No.: | 05-DEA-456796 |
| | Property: | Misc. Assorted Jewelry (Value: $39,976.00) |
| | Petitioner: | Rafael Santos |

Dear Mr. Mansolillo:

I am writing to you in response to the petition for remission or mitigation regarding the above-referenced property submitted on behalf of Rafael Santos (hereafter the petitioner).

The remission or mitigation of a forfeiture is neither a right nor a privilege, but an act of grace. In re the Matter of Sixty Seven Thousand Four Hundred Seventy Dollars ($67,467.00) v. United States, 901 F.2d 1540, 1543 (11th Cir. 1990); Laconia Savings Bank v. United States of America, 116 F. Supp. 2d 248 (2000). A Petition for Remission and Mitigation "does not serve to contest the forfeiture, but rather is a request for executive pardon of the property based upon the petitioner's innocence or, for a wrongdoer, on a plea of leniency." United States v. Vega, 72 F.3d 507, 514 (7th Cir. 1995), cert. denied sub nom. Early v. United States, 116 S. Ct. 2529 (1996). See also United States v. Wong, 62 F.3d 1212, 1214 (9th Cir. 1995); United States v. Ruth, 65 F.3d 599, 604 n.2 (7th Cir. 1995), cert. denied, 517 U.S. 1158; 116 S. Ct. 1548; 517 U.S. 1158 (1996). A decision with respect to remission or mitigation of a forfeiture is made solely at the discretion of the Attorney General. See United States Code (U.S.C.) 21 U.S.C. § 881 (d) (2006); 19 U.S.C. § 1618 (2006).

The Attorney General and the Administrator of the Drug Enforcement Administration (DEA) have delegated the authority to determine the merits of such petitions to this office. 28 Code of Federal Regulations (C.F.R.) §§ 0.100 (b), 0.104; 28 C.F.R. §9.1 (b). This office's decision on your petition is not subject to judicial review on its merits. See: United States v. One 1987 Jeep Wrangler Automobile, 972 F.2d 472, 479 (2d Cir. 1992) ("[T]he overwhelming weight of authority supports the position that a federal court lacks jurisdiction to review the merits of administrative

forfeiture decisions once the administrative process has begun.") United States v. Hewett, (S.D.N.Y. 2003) 2003 U.S. Dist. LEXIS 9812; Walker v. DEA, (S.D.N.Y. 2003) 2003 U.S. Dist. LEXIS 14958. Once the administrative process has begun, a federal district court generally does not have subject matter jurisdiction to review the merits of an administrative forfeiture decision. Dawson v. The Drug Enforcement Administration, 927 F. Supp. 748 (1996); Valderrama v. United States, 417 F.3d 1189 (11th Cir. 2005); United States v. Moore, 2005 WL 1155863 (E.D. La. 2005).

The petitioner has the burden of establishing the basis for granting a petition for remission or mitigation of forfeited property. See Regulations Governing the Remission or Mitigation of Civil and Criminal Forfeiture, 28 C.F.R. § 9.5 (a) (3). See 19 U.S.C. § 1618 (The Attorney General may return the property if he finds mitigating circumstances to justify the remission.) As the Ruling Official, I did not consider whether the evidence was sufficient for forfeiture, but presumed a valid forfeiture. 28 C.F.R. § 9.5 (a) (4). See Juncaj v. United States, 894 F.Supp. 318, 320 (E. D. Mich. 1995); Reinoso v. Drug Enforcement Administration, No. 93-CIV-1516 (KTD), 1994 U.S. Dist. LEXIS 18054. Federal regulations explicitly prohibit remission of a forfeiture unless the petitioner establishes the following:

1. A valid, good faith, and legally cognizable interest in the seized property as an owner or lienholder; and

2. Qualification as an "innocent owner" within the meaning of the applicable civil forfeiture statute.

During 2004 and 2005, law enforcement agents were investigating illegal drug trafficking in the Providence, Rhode Island area. During that time, the petitioner sold over 200 grams of heroin to a confidential source working with law enforcement. On September 8, 2005, law enforcement agents arrested the petitioner and subsequent to that arrest, consent was obtained from the petitioner to search his residence, located at 134 Wallace Street, Providence, Rhode Island. During the course of the search of the petitioners residence the above-describe asset was discovered.

The investigation revealed that there was probable cause to believe that the forfeited jewelry was purchased with proceeds from illegal drug trafficking. Proceeds are property that would not have been obtained or retained but for the criminal offense and that property is subject to forfeiture. Kadonsky v. United States, 216 F.3d 499; (2000); cert. denied 531 U.S. 1176, 148 L. Ed. 2d 1013, 121 S. Ct. 1151 (2001); United States v. One 1987 Mercedes 560 SEL, 919 F.2d 327 (5th Cir. 1990). See also United States v. Horak, 833 F. 2d 1235 (7th Cir. 1987).

On April 7, 2006, DEA received the petitioner's petition for remission or mitigation. The petitioner produced a factual recitation that is substantially accurate, as it regards the petitioner's trafficking in heroin. The petitioner then alleges that, although he has lived in this country for fourteen (14) years, raised four (4) children, started and grew a business, that the petitioner was, some how, dragged into selling heroin. The petitioner also alleges that the forfeited jewelry was "amassed over fourteen (14) years since [the petitioner] entered the United States." However, the petitioner failed to provide any independently verifiable evidence to support his allegation.

Pursuant to 28 C.F.R. § 9.3 (c) (iv), the interest of a petitioner in the property, as owner or otherwise, must be supported by satisfactory documentary evidence, for example, employment records, financial statements, bank statements, tax records or cancelled checks. The investigation

reveals probable cause to believe that illicit, drug-related funds were used to purchase the forfeited property. Once probable cause to forfeit the property is shown, the burden of proof shifts to the petitioner to prove by a preponderance of the evidence that the funds used to purchase the forfeited property came from an independent, non-drug-related source. United States v. $ 7,300 in U.S. Currency, 2003 U.S. Dist. LEXIS 10968 (S.D.N.Y June 26, 2003); United States v. One 1986 Nissan Maxima GL, 895 F.2d 1063 (5th Cir. 1990); United States v. $250,000 In U.S. Currency, 808 F.2d 895 (1st Cir. 1987). The petitioner has failed to carry this burden.

For the reasons discussed above, the petition failed to meet the requirements for remission or mitigation. 28 C.F.R. Part 9. The petition is therefore denied.

Although the petition does not meet the minimum conditions for remission, as a matter of discretion, I re-examined the petition to determine whether extenuating circumstances exist that warrant mitigation of the forfeiture. 28 C.F.R. § 9.5 (b). The petitioner has failed to adequately demonstrate that any mitigating factors exist to justify any relief from the forfeiture. Further, I reviewed the facts of this case to determine if the forfeiture would be in violation of the U.S. Constitution's Eighth Amendment prohibition against excessive punishments, as discussed in Austin v. United States, 113 S. Ct. 2801 (1993). Please be advised that I determined that the administrative forfeiture was entirely proportional to the offense, considering the substantial connection between the forfeited property and the offense. In addition, the correct forum in which to challenge the constitutionality of the forfeiture is Federal District Court. Since the petitioner failed to contest this forfeiture judicially, this option is no longer open to him. United States v. Giraldo, 45 F.3d 509 (1st Cir. 1995); Caraballo V. Drug Enforcement Administration, 62 Fed. Appx. 362, 363 (2003).

The petitioner may request reconsideration of this decision. 28 C.F.R. § 9.3 (j). Only one request for reconsideration shall be considered. Any request for reconsideration must be based on information or evidence not previously considered. This new information or evidence must be material to the basis for this denial or must present a basis clearly demonstrating that the denial is erroneous. Requests must be postmarked or received by this office within 10 days of your receipt of this letter.

Further correspondence with this office must include the DEA Case and Asset ID numbers referenced above and be addressed to the Forfeiture Counsel, Asset Forfeiture Section, Drug Enforcement Administration, HQs Response, P.O. Box 1475, Quantico, Virginia 22134-1475. Correspondence sent via private delivery must be sent to Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, Virginia 22301.

Sincerely,

Carmen R. Pomares

Carmen R. Pomares
Senior Attorney
Asset Forfeiture Section