UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RAFAEL SANTOS :
PETITIONER :
: CIVIL NO. 06-522
V. :
:
UNITED STATES OF AMERICA :
RESPONDENT. :
:

**REPLY TO THE GOVERNMENT'S MOTION TO TO DISMISS PETITIONER'S REQUEST FOR RELEASE OF PROPERTY PURSUANT TO CRIM. P. 41(e).**

Now Comes, RAFAEL SANTOS, Petitioner Pro Se in the above captioned matter, and hereby Reply to the Government's Motion to Dismiss Petitioner's claim for Property Return under Fed. R. Crim. P. 41(e). Petitioner believes that the Government's motion should be denied for the following reasons:

The Government's motion instead of refuting Petitioner's contentions are corroborating Petitioner's claim that his property was illegally forfeit under violation of due process and this violations, gives Jurisdiction to the District Court to decide the issue, contrary to what the Government request.

First of all Petitioner will assert that the property was forfeit in violation of the due process provided by Constitution. See U.S. v. Mosquera, 845 F.2d 1122 (1st. Cir. 1988) (noting that District

Courts have Jurisdiction over due process challenges to administrative forfeitures). Therefore, this Honorable District Court has Jurisdiction over the case. Specially when this Honorable Judge William E. Smith has personal knowledge of Petitioner's efforts to recover his property.

At Sentencing Petitioner ask Judge what was going to happen with the jewelry and the Judge advised Petitioner to talk that with the Prosecutor and his lawyer. (Sentencing transcript April 7, 2006).

Petitioner paid $2,000.00 dollars to his counsel for the recovery of the jewelry. Counsel never explain what happen with the property.

The Government alleges in their motion to dismiss, that on October 20, 2005 Petitioner received notice of the forfeiture. That's not truth, for few reasons. (1) Petitioner was incarcerated at Wyatt Detention Center. The Government should provided evidence of petitioner personal knowledge of this forfeiture notice (2) The Government states that they published notice in the Wall Street Journal from October 31, 2005 to December 14, 2005, time period that petitioner was incarcerated, without even a subscription to an Hispanic newspaper which is his native language, then how con he received at jail the Wall Street Journal. (3) Even if is true that notice was send to petitioner's home address, he was not there, and the Government was aware of that. (4) And Counsel never advise of the forfeiture notice.

But at Sentencing on April 7, 2006, when petitioner asked Judge about the jewelry the Prosecutor was there, why he did not advised that the property was already forfeited.

It is curious that the Government alleges that petitioner filed a petition for remission or mitigation on April 7, 2006, the same day of the sentence, but the attachment (1) presented now by the Government states a value of 8,959.00 assorted jewelry. Obviously it was not petitioner who filed that petition, when petitioner has been always requesting the total amount of $39,976.00 assorted jewelry value.

Said petition was denied on July 20, 2006. Accordingly with the Government's motion to dismiss, referring to attachment 2 of the government, but Government does not present any evidence that petitoner personally received this responds. There is no proof of Service that would indicated that a copy of this decision was served on petitioner. In said document properly mention the value of the property $39,976.00.

The Government alleges that there was probable cause to believe that drug related funds were used to purchase the forfeited property. That's not correct the only evidence that the Government has is that a CI bought, 100 grams of heroin, from petitioner after a long period of time of intent. (See affidavit of Agent Keith Leighton page 7) and all the evidence points that petitioner was not the owner of the drug, he was simply an intermediary between an insistance CI and a person known to petitioner (See Agent's affidavit page 6) unless, the Government wants to concede that this affidavit is not truthfull.

With a $7,000.00 dollars that petitioner received from the CI in the first transaction, was not possible to buy $39,976.00 dollars worth of jewelry.

The second transaction, was even more clearly that petitioner did not sell drugs, but CI's insistence make him fall in the trap. (See Agents affidavit page 10) The Agents involved in the investigation knows that the drug belong to another person and in the second and last transaction there was no cash involved. (See Agents affidavit).

Therefore, the forfeiture was not proportional to the offenses, as the government wants to make believed. There were few procedural deficiencies in the forfeiture that's why the Government do not want the District to intervene.

It is ridiculous to forfeit, one building, one Mercedes Benz, and $39,976.00 worth value of jewelry, for a $7,000.00 dollars profit from a sale of 200 grams of heroin.

The indictment, does not provided for such forfeiture, when fails to state, the date when the conspiracy commenced, and fail to state, a quantity specific of drugs.

Petitioner understands that it was all counsel's ineffectiveness, which cause his plea agreement, stipulations as to the forfeiture of the house. That's why is in the middle of a §2255 motion in the District Court.

But as to the jewelry petitioner did not make no stipulations, for the contrary has been always claiming the returned of the property that was seized from his apartment without any finding of drugs in the search.

Accordingly, Government's motion for dismiss of the Fed. R. Crim. P. 41(e), for the district courts lack of jurisdiction, should be denied, and the government, should be requested to respond to the violation of due process in the forfeiture of the jewelry.

Respectfully Submitted

Rafael Santos

RAFAEL SANTOS
REG. NO. 05654-070
LSCI ALLENWOOD
P.O. BOX 1000
WHITE DEER, PA 17887

Done this 29 day of July, 2007

# PROOF OF SERVICE

I certify that on 7-29-07 (date) I mailed a copy of this brief and all attachments via first class mail to the following parties **at the addresses listed below**:

U.S. DEPARTMENT OF JUSTICE
UNITES STATES ATTORNEY
DISTRICT OF RHODE ISLAND
FLEET CENTER
50 KENNEDY PLAZA, EIGHTH FLOOR
PROVIDENCE, RI 02903

# PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should include the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on 7-29-07 (date) for forwarding to the Court of Appeals. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

Rafael Santos
Signature

RAFAEL SANTOS
REG. NO. 05654-070
LSCI ALLENWOOD
P.O. BOX 1000
WHITE DEER, PA 17887

Dated: 7-29-07

*Rev. 09/05*