UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RAFAEL SANTOS | : | |
| | : | |
| vs. | : | C.A. No. 06-522-S |
| | : | |
| UNITED STATES OF AMERICA | : | |

**MEMORANDUM AND ORDER**

William E. Smith, United States District Judge

Petitioner Rafael Santos has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. For the reasons stated below, that Motion is denied.

I. BACKGROUND AND TRAVEL

Santos was charged in a four-count Indictment with conspiracy to distribute heroin, in violation of 21 U.S.C. § 846 (Count I), distribution of heroin, in violation of 21 U.S.C. § § 841(a)(1) and (b)(1)(C) (Counts II and III), and a criminal forfeiture count (Count IV). Throughout all criminal case proceedings, Santos was represented by his retained counsel, William Murphy.

Pursuant to a plea agreement signed by Santos and his counsel, Santos pled guilty to all counts, and the Government agreed to recommend a two-level reduction in the offense level for acceptance of responsibility and a sentence at the low end of the applicable Guideline range as determined by the Court. The plea agreement stipulated that the total amount of heroin distributed by Santos, as charged in Counts I through III, was 198 grams. (Plea Agreement at ¶ 2.g.)

The presentence report (PSR) calculated a Guideline range of 46 - 57 months, based on a net offense level of 23 and a Criminal History category I. Prior to sentencing, Attorney Murphy submitted a lengthy sentencing memorandum in which he advocated for a sentence below the Guidelines.

At the sentencing hearing on April 7, 2006, the Government recommended a sentence at the low-end of the Guideline range, 46 months, and Santos' counsel advocated for a sentence of 37 months. Because sentencing occurred after the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), this Court treated the Sentencing Guidelines as advisory. The Court imposed a sentence of 41 months -- five months below the low end of the Guidelines range - followed by three years of supervised release.

Santos did not appeal his conviction or his sentence, and his conviction became final on April 14, 2006.

Pursuant to his plea of guilty to Count IV, Santos' real estate was criminally forfeited and -- after the resolution of the interest of a mortgage holder -- a final order of forfeiture was entered by this Court on September 18, 2006. Separately, Santos' automobile was forfeited pursuant to a civil judicial forfeiture proceeding in this Court, see United States v. One 1997 Mercedes E-300D, C.A. No. 06-115-S, and his jewelry, valued at $39,976, was forfeited in a separate civil administrative forfeiture proceeding, DEA Case No. CH-5-0006.

§ 2255 Motion to Vacate

In his motion and supporting papers, Santos raises the following claims:[1] (1) that his counsel rendered ineffective assistance by (a) permitting Santos to sign a plea agreement stipulating to an amount of drugs not charged in the Indictment and then to plead to that amount; (b) failing to adequately argue for a "safety valve" or other downward departure; and (c) failing to contest the forfeiture of certain property owned by Santos, incident to his conviction; and (2) that his sentence was unlawfully based on findings as to drug quantity made under a mandatory sentencing Guidelines regime in violation of Booker.

The Government has filed a Motion to Dismiss the Motion to Vacate, and Santos thereafter filed a reply. The matter is ready for decision.[2]

---

[1] In deciphering Santos' claims, the Court has construed the rambling and disorganized allegations and claims in his *pro se* motion to vacate and supporting papers in a light most favorable to him. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

[2] There is no need for a hearing in this matter because, as discussed infra, the files and records of this case conclusively establish that the claims in the motion to vacate are without merit. See David v. United States, 134 F.3d 470, 477 (1st Cir. 1998) (district court may properly forego any hearing "when (1) the motion is inadequate on its face, or (2) the movant's allegations, even if true, do not entitle him to relief, or (3) the movant's allegations need not be accepted as true because they state conclusions instead of facts, contradict the record, or are inherently incredible") (internal quotations and citation omitted). See also Panzardi-Alvarez v. United States, 879 F.2d 975, 985 n.8 (1st Cir. 1989) (no hearing is required where the district judge is thoroughly familiar with the case).

## II. DISCUSSION

The pertinent section of § 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255, ¶ 1.

Generally, the grounds justifying relief under 28 U.S.C. § 2255 are limited. A court may grant such relief only if it finds a lack of jurisdiction, constitutional error or a fundamental error of law. United States v. Addonizio, 442 U.S. 178, 184-185 (1979). "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." Id. at 185 (internal quotations and citation omitted).

Moreover, a motion under § 2255 is not a substitute for direct appeal. United States v. Frady, 456 U.S. 152, 165 (1982). A movant is procedurally precluded from obtaining § 2255 review of claims not raised on direct appeal absent a showing of both "cause" for the default and "actual prejudice" or, alternatively, that he is "actually innocent" of the offenses for which he was convicted. Bousley v. United States, 523 U.S. 614, 622 (1998) (citations omitted). See Brache v. United States, 165 F.3d 99, 102 (1st Cir.

1999). However, claims of ineffective assistance of counsel are not subject to this procedural hurdle. See Knight v. United States, 37 F.3d 769, 774 (1st Cir. 1994).

A. Ineffective Assistance Claims

A defendant who claims that he was deprived of his Sixth Amendment right to effective assistance of counsel must demonstrate:

(1) That his counsel's performance "fell below an objective standard of reasonableness"; and

(2) "[A] reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). See Cofske v. United States, 290 F.3d 437, 441 (1st Cir. 2002).

The defendant bears the burden of identifying the specific acts or omissions constituting the allegedly deficient performance. Conclusory allegations or factual assertions that are fanciful, unsupported or contradicted by the record will not suffice. Dure v. United States, 127 F. Supp. 2d 276, 279 (D.R.I. 2001) (citing Lema v. United States, 987 F.2d 48, 51-52 (1st Cir. 1993)); see also Barrett v. United States, 965 F.2d 1184, 1186 (1st Cir. 1992) (summary dismissal of § 2255 motion is proper where, *inter alia*, grounds for relief are based on bald assertions).

In assessing the adequacy of counsel's performance:

> [T]he Court looks to "prevailing professional norms." A flawless performance is not required. All that is required is a level of performance that

> falls within generally accepted boundaries of competence and provides reasonable assistance under the circumstances.

Ramirez v. United States, 17 F. Supp. 2d 63, 66 (D.R.I. 1998) (quoting Scarpa v. Dubois, 38 F.3d 1, 8 (1st Cir. 1994) and citing Strickland, 466 U.S. at 688).

Under the second prong of the Strickland test, a defendant must show actual prejudice. Id. at 693. Where his conviction follows a guilty plea, a petitioner must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Here, none of the ineffective assistance claims asserted by Santos entitles him to relief.

1. Plea Agreement

Santos first claims that his counsel was ineffective by improperly advising him to sign a plea agreement stipulating to an amount of drugs not charged in the Indictment and to plead guilty to that amount.[3] Santos points to no specific facts indicating

---

[3] In his response to the Government's Motion to Dismiss, Santos refers to his counsel's advice to waive his right to appeal his sentence and to collaterally attack his sentence. (See Petitioner's Response to the Government's Motion To Dismiss Petitioner's Motion Pursuant to 28 U.S.C. Section 2255 Motion at 2-3.) However, as Santos himself acknowledges elsewhere (see Motion to Vacate at 1), the plea agreement contains no such waivers, nor does the record indicate any. To the extent that Santos purports to allege that counsel advised him to otherwise waive his appeal rights, such allegations are construed as part of his claim that his counsel improperly advised him to plead guilty.

that he resisted his counsel's advice, and his claim is flatly contradicted by the record. At his change of plea hearing, Santos was asked whether his plea was voluntary and whether he had reviewed and understood the plea agreement, which set forth the quantity (198 grams) of drugs involved, and he answered in the affirmative. Santos also agreed with the Government's recitation of facts, which referenced the quantity (198 grams) of drugs involved. Santos makes no allegation -- nor could he -- that he disputes this quantity. Finally, Santos received the full benefit of his plea bargain and more, as his sentence of 41 months was below the applicable sentencing Guideline range (46-57 months).

Accordingly, Santos has shown neither deficient performance by his counsel nor prejudice, and this claim fails.[4]

2. Downward Departure

Santos' claim that counsel was ineffective in failing to argue a downward departure is likewise belied by the record. Contrary to Santos' assertions, Attorney Murphy actively sought on behalf of

---

[4] To the extent that Santos attempts to mount a direct challenge to the Indictment itself on the basis that it failed to allege the quantity of drugs for which he was sentenced, such claim fails. Putting aside the question whether such a claim would be barred in this collateral proceeding absent a showing of cause and prejudice, see Bousley, 523 U.S. at 622, it is precluded in any event by Santos' guilty plea, see United States v. Lujan, 324 F.3d 27, 30 (1st Cir. 2003) (unconditional guilty plea waives all non-jurisdictional challenges to a criminal conviction); United States v. Cotton, 535 U.S. 625 (2002) (the failure to include drug quantity in indictment is not jurisdictional), and by his admission, noted below, to the total quantity of drugs involved in the transactions charged.

Santos a sentence of 36 months -- nine months below the applicable Guideline range -- in both his objection to the PSR and at the sentencing hearing. Moreover, as noted above, the sentence imposed of 41 months was five months below the low end of the applicable Guideline range. Thus, Santos has shown neither deficient conduct nor prejudice in this regard.[5]

3. Forfeited Property

Santos further claims that his counsel was ineffective in failing to contest the forfeiture of certain property (real estate, automobile and jewelry) owned by Santos, effected by the Drug Enforcement Administration (DEA) in connection with his conviction.

To the extent that Santos claims that his counsel was ineffective in failing to adequately contest the forfeiture of his automobile and his jewelry -- each of which were seized in separate civil forfeiture proceedings -- that claim is not cognizable in this § 2255 proceeding. See Anderson v. United States, 215 F.3d 1329, at *1 (7th Cir. 2000) (table) ("performance of counsel in a civil forfeiture proceeding does not implicate the Sixth Amendment") (citing United States v. Indoor Cultivation Equip., 55 F.3d 1311,

---

[5] Santos' references to counsel's alleged failure to seek the "safety valve" on his behalf (Motion to Vacate at 6-7) similarly miss the mark. As acknowledged by his counsel at sentencing, because the quantity of drugs in each charge was less than 100 grams, no mandatory minimum sentence applied to the offenses for which Santos was convicted, see 21 U.S.C § 841(b)(1)(C), and thus no "safety valve" relief was available to seek. See 18 U.S.C. § 3553(f) (providing for safety valve relief from statutory mandatory minium sentences where prerequisites are met).

1317-18 (7th Cir. 1995)). Any challenge to the forfeiture proceedings themselves is likewise not cognizable here. Id. (challenge to civil forfeiture of property incident to a criminal conviction is not cognizable in a § 2255 proceeding); see also Whiting v. United States, 215 F.3d 1313 at *2 (1st Cir. 1998) (table) (concurring in district court's dismissal of forfeiture challenging from § 2255 proceeding).[6]

Santos' claim that his counsel was ineffective in challenging the forfeiture of his real estate is foreclosed by his admissions. In the plea agreement, Santos expressly agreed to forfeit all of his right, title and interest in the real estate and that such property was "either, derived from proceeds of, or used or intended to be used to facilitate, the offenses charged . . . ." (Plea Agreement at ¶ 2.f.) He subsequently acknowledged this when he agreed to the Government's fact recital in the course of pleading guilty to the forfeiture Count (Count IV) of the Indictment. The plea agreement and guilty plea also foreclose any challenge to the criminal forfeiture proceeding itself.

B. Booker Claim

Santos' claim that his sentence was made based on a quantity of drugs found by this Court under a mandatory Guideline system may be quickly put to rest. First, this Court made no findings at

---

[6] The Court notes that Santos has filed a separate motion for return of the forfeited jewelry and will further address this claim in ruling on that motion.

sentencing concerning drug quantity, as Santos admitted to possessing and selling 198 grams of heroin in both his plea agreement and at the change of plea hearing. (See Plea Agreement at ¶ 2.g.) Moreover, this Court made clear at the sentencing hearing - which occurred some 14 months after Booker was decided - that it considered the Guidelines to be advisory rather than mandatory. Thus, the claim fails.

The Court has considered all other arguments raised by Santos, and finds them to be without merit.

III. CONCLUSION

For all of the foregoing reasons, Santos's Motion to Vacate sentence is denied and dismissed.

IT IS SO ORDERED:

William E. Smith
United States District Judge
Date: 11/19/07