IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | C.A. No.06-0522S |
| | ) | |
| RAFAEL SANTOS | ) | |

SUPPLEMENTAL MEMORANDUM IN SUPPORT
OF THE GOVERNMENT'S MOTION TO DISMISS

Comes now the United States of America, through its attorneys, Robert Clark Corrente, United States Attorney, and Adi Goldstein, Assistant U.S. Attorney, and submits this supplemental memorandum in response to this Court's October 31, 2007 Order directing the government to address the following issues: (1) whether the seizure and forfeiture of Santos' jewelry constitutes a punishment and if so, whether that seizure was grossly disproportional to the gravity of the defendant's offense," United States v. Bajakajian, 524 U.S. 321, 337 (1998); and (2) any further argument regarding the adequacy of notice provided to Santos or his counsel for the administrative forfeiture proceeding.

**I. The Eighth Amendment does not apply to Administrative Forfeiture Proceeding.**

A. This Court Does not Have Jurisdiction over the Eighth Amendment Claim.

As set forth in the Government's initial response to Petitioner's Rule 41(e) motion, federal courts generally lack jurisdiction to review the merits of administrative forfeiture decisions. United States v. Giraldo, 45 F.3d 509, 511 (1st Cir.1995) (per curiam); see also

United States v. Mosquera, 845 F.2d 1122, 1126 (1st Cir.1988) (per curiam) (noting that district courts have federal question jurisdiction over due process challenges to administrative forfeitures); United States v. One 1987 Jeep Wrangler, 972 F.2d 472, 480 (2d Cir.1992). However, courts have recognized a limited exception to this rule where there exists a procedural deficiency in the administrative process. See Lopes v. United States, 862 F.Supp. 1178, 1185 (S.D.N.Y.1994). That review "is limited to determining whether the agency followed the proper procedural safeguards when it declared [the claimant's] property summarily forfeited."One 1987 Jeep Wrangler, 972 F.2d at 480 (citation omitted); Mosquera, 845 F.2d at 1126 (noting that district courts have federal question jurisdiction over due process challenges to administrative forfeitures). See also, Onwubiko v. United States, 969 F.2d 1392, 1398 (2d Cir.1992); United States v. Cruz, No. 97 CR. 54, 1998 WL 326732, at *1 (S.D.N.Y. June 19, 1998) ("Judicial review is limited to the procedural deficiencies of the administrative forfeiture, if any."). This principle equally applies to constitutional claims that the seizure violated the Double Jeopardy Clause of the Fifth Amendment, the Excessive Fines Clause of the Eighth Amendment. Because these claims do not relate to procedural deficiencies in the forfeiture proceeding, they must be dismissed for lack of subject matter jurisdiction. See Sandoval v. United States, No. 00 Civ. 1259, 2001 WL 300729, at *3 (S.D.N.Y. Mar.28, 2001) ("This lack of jurisdiction extends even to constitutional challenges to the search and seizure leading to forfeiture."); Dawson v. Drug Enforcement Admin., 927 F. Supp. 748, 752 (S.D.N.Y.1996) (district court lacks jurisdiction to review "constitutional challenges to the search and seizure"), aff'd,112 F.3d 503 (2d Cir.1997); United States v. Pinilla, No. 93 CR. 341, 1996 WL 145953, at *3 (S.D.N.Y. Apr.1, 1996) ("invocation of the Double Jeopardy Clause cannot help petitioner show procedural deficiency in

an administrative forfeiture"; Lopes, 862 F. Supp. at 1185; Ezennwa v. United States, No. 93-CV-2789, 1997 WL 63318, at *3 (E.D.N.Y. Feb.12, 1997) (dismissing the plaintiff's Fifth and Eighth Amendment claims for lack of subject matter jurisdiction).

Accordingly, the Government respectfully submits that this Court's review of the administrative forfeiture is limited to the question of whether the defendant received adequate notice. If the Court finds that the defendant did not receive such notice, then the appropriate course of action would be to re-open the administrative proceeding, afford petitioner another opportunity to file a proper claim, and then leave it to the government to pursue, or not pursue, the forfeiture as an in rem action or in a criminal forfeiture proceeding.

B. The Eighth Amendment Does not Apply to Administrative Forfeiture

Assuming *arguendo* that the Court had jurisdiction to review petitioner's Eighth Amendment Claim, that claim is meritless as the Excessive Fines Clause of the Eighth Amendment does not, and cannot, apply to administrative forfeiture.

It is true that the Supreme Court has held that both criminal and civil forfeitures may, in certain circumstances, constitute "punishment" for Eighth Amendment purpose. In Bajakajian, the Supreme Court held that a criminal forfeiture of $357,144 in cash was "grossly disproportional to the gravity of the defendant's offense," and thus violated the "excessive fines" clause of the Eighth Amendment. In Austin v. United States, 509 U.S. 602 (1993) the Supreme Court announced that civil penalties undertaken pursuant to 21 U.S.C. § 881(a)(4) and (a)(7) constitute "punishment" for purposes of Eighth Amendment Excessive Fines Clause analysis. Those provisions relate to property that is "used" or "intended to be used" to "transport"

controlled substances or "facilitate"the distribution or manufacturing of controlled substances. Thus, Austin did not consider whether the civil forfeiture of "proceeds" of drug transactions, pursuant to 21 U.S.C.§ 881(a)(6) is also subject to Eighth Amendment analysis.[1]

However, neither Bajakajian nor Austin addressed the question of whether administrative forfeiture can be subject to the Eighth Amendment. The Seventh Circuit answered that question in the negative in United States v. Evans, 92 F.3d 540, 542 (7th Cir. 1996). The Court held that an Eighth Amendment challenge to administrative forfeiture was "frivolous" because "while there was a seizure, ripening into an administrative forfeiture, there was no judicial forfeiture." Id. See also, United States v. Torres, 28 F.3d 1463, 1465 (7th Cir. 1994); United States v. Schinnell, 80 F.3d 1064, 1068 (5th Cir. 1996) ("summary proceedings are only available for forfeitures of property that is 'unclaimed' or 'unowned'. Therefore . . . albeit a legal fiction, the very issuance of a summary forfeiture establishes that no one owned the Funds and consequently their forfeiture punished no one." Internal quotations and citations omitted.); United States v. Idowu, 74 F.3d 387, 394-96 (2d Cir. 1996) (same). As the Evans court explained, "a seizure turns into a judicial forfeiture when the person whose property has been seized takes the proper steps to get it returned yet fails, so that he loses the property as the result of a judgment. If he fails to take these steps, no judgment is entered (so no jeopardy attaches) and the property is treated as abandoned; this is administrative forfeiture." Evans, 92 F.3d at 542.

[1]Indeed, there appears to be a Circuit split as to whether civil forfeiture of drug proceeds can ever be subject to the excessive fines clause of the Eighth Amendment. Compare Smith v. United States, 76 F.3d 879, 882-83 (7th Cir. 1996)( "proceeds forfeitures can never be out of proportion to the loss suffered by the government of society") and United States v. Tilley, 18 F.3d 295 (5th Cir. 1994) (same), to United States v. $405,089.23 United States Currency, 33 F.3d 1210, 1219 (9th Cir. 1995) (holding that civil forfeitures of drug proceeds constitute punishment under Austin)).

______The Third Circuit's discussion in United States v. Baird, 63 F.3d 1213 (1995) is particularly instructive as to why this makes perfect sense. As the Baird Court explained, "the proper and timely filing of a claim and cost bond has the effect of stopping the administrative forfeiture process, and forcing the seizing agency to refer the matter tot he United States Attorney for the district where the property was seized for the institution of judicial forfeiture proceedings in the ordinary mode prescribed by law." Id. at 1217. If no claim is filed, the agency is authorized to seize the property. In other words:

> Administrative forfeiture is, in reality, a non -proceeding – it is merely the consequence of no one having come forward to claim the property seized or contest its forfeitablity. . . . Thus, we cannot fathom how an administrative forfeiture . . . of unclaimed alleged drug proceeds could possibly be held to constitute 'punishment' in relation to an individual's double jeopardy claim. Any 'punishment' resulting from the administrative forfeiture of suspected drug proceeds is punishment only in the abstract, wholly unattached to any specific person, and thus cannot serve as the basis for a double jeopardy claim. This is because administrative forfeiture does not, and by its very definition, cannot entail a determination of ownership of the property to be forfeited.

Id. at 1218.

______Applying this reasoning to this case, what we have is the DEA's seizure of a quantity of jewelry to which no proper claim was filed. Accordingly, there was never a determination that the property belonged to Santos, nor was there a judicial finding that the property constituted proceeds or could be traced to proceeds of drug trafficking. Thus, there can be no finding that Santos was punished as a result of a summary seizure.

C. In any event, this is not an Excessive Fine.

______Even assuming that the Eighth Amendment analysis did apply, the present forfeiture does

not run afoul of the Excessive Fine Clause. There is no dispute that in this case, Santos was charged with two drug transactions worth a total of $14,000. As a result, Santos was convicted of two counts of 21 U.S.C. § 841(a)(1) & (b)(1) (C) and he was subject to a fine ranging from $250,000 to $1,000,000 on each count. Given the possible fines this Court could have imposed, the seizure of $39,000 in jewelry cannot be excessive[2]. See, e.g., United Stats v. One Parcel of Property, 106 F.3d 336 (10th Cir. 1997); United States v. The Premises and Real Property . . at 219 Ingersoll Street, 1999 WL 822492 (2d Cir. 1999) (unpublished); United States v. Certain Real Property and Premises Known as 38 Whalers Cove, 954 F.2d 29 (2nd Cir. 1993).

**II. There Is No Due Process Violation as Defendant Received Proper Notice of the Administrative Forfeiture**

Notice of the DEA's intent to forfeit property is sufficient if it is " 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections,' " whether or not the interested parties receive actual notice. Dusenbery v. United States, 534 U.S. 161, 122 S.Ct. 694, 700, 151 L.Ed.2d 597 (2002) (citing Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)). As set forth in the Government's initial brief, notice of the administrative forfeiture was sent to defendant at the Wyatt Detention Facility, to defendant's home, and to defendant's attorney. Exhibits 1, 2, and 3. Publication was made in a paper of general circulation, to wit the Wall Street Journal, as required by the governing regulations. Exhibit 4. A claim was subsequently filed by the defendant's counsel, William Murphy on November 22,

[2]Santos cannot be heard to complain about the seizure of his property and his vehicle to which he stipulated in criminal and civil proceedings. What is more, those items were seized as instrumentalities of the offense, not as proceeds.

2005. Exhibit 5. However, this claim was ruled deficient as it was not made under oath subject to the penalty of perjury. On November 30, 2005, the DEA sent defendant's counsel a letter informing him of the deficiency and alerting him that he had twenty days in which to amend his claim. Exhibit 6. Although defendant's counsel eventually filed a perfected claim for defendant's vehicle, he never perfected his claim for the jewelry. Thus, on December 19, 2005, defendant submitted a cover letter captioning a claim for the jewelry. However, the affidavit attached to that letter concerned the vehicle, not the jewelry. Exhibits 7 & 8. Accordingly, the property was ordered forfeited on February 24, 2006. Exhibit 9. An independent review of this determination by a DEA supervisory hearing officer affirmed the forfeiture, as explained by letter dated March 8, 2006, sent to defendant's counsel. Exhibit 10. Thereafter, there was extensive correspondence between the administrative hearing officers and defendant's counsel regarding their petition for remission. Exhibits 11-15. As set forth in the Government's initial response, the agency's decision whether to grant remission is a matter that is left solely to the agency's discretion and is not subject to judicial review.

A review of the administrative file demonstrates that the DEA followed its own regulations in providing the defendant notice and the opportunity to amend his claim. Indeed, the DEA spent considerable resources reviewing defendant's various claims and corresponding with defendant's counsel. It should be noted that, as defendant's claim contesting the forfeiture of his vehicle was proper, the matter was referred to the U.S. Attorney's office and handled through a civil forfeiture proceeding. Accordingly, defendant's contention that he was somehow treated unfairly by the DEA fails because they gave due consideration to his other, properly filed, claim. Defendant, through counsel, failed to avail himself of an opportunity to file a cognizable claim

for return of his jewelry. While this may be in part due to certain errors on defense counsel's part, it does not render the administrative proceedings generally, and the notice requirement in particular, defective. Indeed, as the attachments to this motion demonstrate, the DEA scrupulously followed its governing regulations. Thus, defendant has no recourse as against the United States. (He may, though the government takes no position on this, have recourse against his former counsel).

**Conclusion**

For the reasons set forth above and in the Government's initial Response, the Government respectfully requests that Petitioner's Rule 41(e) Petition be denied and dismissed.

Respectfully Submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE,
UNITED STATES ATTORNEY

/s/ Adi Goldstein
ADI GOLDSTEIN, #6701
Assistant U.S. Attorney
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000
(401) 709-5001 (fax)
Email: adi.goldstein@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of November, 2007, I caused to be electronically filed the foregoing Government's Supplemental Memorandum in Support of the Government's Motion to Dismiss with the Clerk of the United States District Court for the District of Rhode Island. I further certify I caused a copy of the above Motion to be forwarded, by postage prepaid mail, to:

Rafael Santos, #05654-070
Low Security Correctional Institution - Allenwood
P.O. Box 1000
White Deer, PA 17887

/s/ Adi Goldstein
ADI GOLDSTEIN, #6701
Assistant U.S. Attorney
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000
(401) 709-5001 (fax)
Email: adi.goldstein@usdoj.gov