U.S. DEPARTMENT OF JUSTICE
DRUG ENFORCEMENT ADMINISTRATION

| | |
|---|---|
| **Asset Id:** | 05-DEA-456796 |
| **Case Number:** | CH-05-0006 |
| **Property:** | Assorted Jewelry (See Attached List) |
| **Asset Value:** | $39,976.00 |
| **Seizure Date:** | 09/08/05 |
| **Seizure Place:** | Providence, RI |
| **Owner Name:** | Santos, Rafael |
| **Seized From:** | Santos, Rafael |
| **Judicial District:** | District of Rhode Island |

Rafael Santos, Prisoner ID No. NONE
Donald W. Wyatt Detention Center
950 High Street
Central Falls, RI 02863

NOTICE MAILING DATE: October 20, 2005

## NOTICE OF SEIZURE

The above-described property was seized by Special Agents of the Drug Enforcement Administration (DEA) for forfeiture pursuant to Title 21, United States Code (U.S.C.), Section 881, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully.**

## TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission **(pardon)** or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty (30) days of your receipt of this notice. The petition must include proof of your interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

## TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by **November 24, 2005**. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant.

## WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the **Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475. Correspondence sent via private delivery must be sent to Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, Virginia 22301. A PETITION, CLAIM, OR OTHER CORRESPONDENCE WILL BE DEEMED FILED WHEN ACTUALLY RECEIVED BY THE DEA ASSET FORFEITURE SECTION IN ARLINGTON, VIRGINIA. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED.** The Asset Id referenced above should be used with all submissions. **Failure to include the Asset ID may cause a delay in processing your submission(s).**

Exhibit 1

ASSET LIST FOR Personal Seizure Notice October 19, 2005 12:22:04

Agcy Case: CH-05-0006 Santos, Rafael Seizure No: N-37

| ASSET ID | ASSET DESCRIPTION | VIN/SERIAL NO. |
| --- | --- | --- |
| 05-DEA-456796 | 1 Gent's Rado Brand Wristwatch | |
| | 1 Gent's Bolva Brand Quartz Wristwatch | |
| | 1 Ladies Seiko Brand Wristwatch | |
| | 1 Gents 14K Yellow Gold Cuff Style 50.7 Grams | |
| | 1 Gents 14 K Yellow Gold Oval Shape Religious Medal with 30 inch curb link chain 19.1 grams | |
| | 1 Gents 14 k yellow gold curb link bracelet 24" x 14 .0 14.0 mm, wgh 105.0 grams | |
| | 1 Gents 14 k yellow gold, curb link necklace 24" x 1 1.5 mm, wgh 225.0 grams | |
| | 1 Gents 14 k yellow gold, curb link necklace 24" x 1 4.0 mm, wgh 105.0 grams | |
| | 1 Gents 14 k yellow gold ring with onyx and mother o f pearl stripe top | |
| | 1 Gents14k ygold diam cl ring wgh 20.8 gr w/ 72 bagt & one rnd br diam all tot 1 1/2 ct | |
| | 1 Gents 14k ygd merc emb ring wgh 21.5 gr w/ 24 rnd | |
| | 1 Gents 10k ygold sing stone ring wgh 6.2 gr W/ one rnd brill cut diam wgh .18 carat | |
| | 1 Gents 14k ygold 7 diam clust ring wgh 5.8 gr, diam weight .50 carat total SI2/J-K | |
| | 1 Gents sterl cut out band ring wgh 8.0 gr, set w/ 6 9 rnd, cubic zirconia | |
| | 1 Gents 18k ygold cl ring wgh 13.1 gr w/ 11 rnd bril l cut diam totaling 1.00 carat SI/I | |
| | 1 Ladys trp rcl ring wgh 5.4 gr w/ 12 rd bc diam tot .70 ca & 5 prn diam tot .80 c VS/H | |
| | 1 Ladys 14k ygold db row cl ring wgh 3.1 gr w/ 14 rd bc diam tot 1 car I1/I | |
| | 1 Gents 14k ygold cont sq top cls ring wgh 12.4 gr w / 20rd br cut diam tot 1.20 ca VS/H | |
| | 1 Gents 14k ygold multchan cl ring wgh 13.3 gr w/16 rd br cut diam tot 2 1/2 ca SI3/I | |
| | 1 Gents18k whgold c ring wgh 9.2 g w/ 24 r bc diam t ot .48 c SI/I surr 1 ovdb nat sapp ms 6.0 x 4.0 mm | |
| | 1 Ladys 14k ygold tw cl ring wgh 6.8 gr w/ 12 sing c ut & 2 rd bc diam tot .44 ca SI/H | |
| | 1 Gents 14k ygold ring wgh 5.0 gr w/ a rect black on yx w/gold relig fig inlay | |
| | 1 Gents 14k yellow & white gold name ring wgh 6.0 gr ams | |
| | 1 Gents 14k ygold eagle segnet ring wgh 6.4 gr w/ 1 rd diam wgh .02 ca I2/I | |
| | 1 Gen14k Cbpnd r eys &18rd cz,pnd fr 14k ygl cb lk c n m 24in by 13.00mm both tot 116.7 g | |
| | 1 Gents 14k ygold merced emb ring wgh 10.8 gr w/ 1 r d bcut diam wgh .02 ca SI/I | |
| | 1 Gents 14k ygold curb link bracelet meas 8 in x 14. 0 mm wgh 41.7 gr | |
| | 1 Gents 14k ygold cluster ring wgh 11.0 gr w/ 20 tap ered baguettes & 1 rd faceted cz | |
| | 1 Gents Rado bd qua wrtwch c bck #05069299 w/14k ygd cf bra att mea 18.0mm wd wgh est 70.0 g | |

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits. O. KOYA

1. Article Addressed to:

Asset ID: 05-DEA-456796
Rafael Santos,
Prisoner ID No. NONE
Donald W. Wyatt Detention Center
950 High Street
Central Falls, RI 02863

CH

05-456796-004

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery 10-24-05

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

OCT 24 2005

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☒ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number: 7004 2510 0001 4199 5082 — 842

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

**OFFICIAL USE**

7004 2510 0001 4199 5082

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To

Street, Apt. No.; or PO Box No.

City, State, ZIP+4

PS Form 3800, June 2002 See Reverse for Instructions

**U.S. DEPARTMENT OF JUSTICE**
**DRUG ENFORCEMENT ADMINISTRATION**

| | |
|---|---|
| **Asset Id:** | 05-DEA-456796 |
| **Case Number:** | CH-05-0006 |
| **Property:** | Assorted Jewelry (See Attached List) |
| **Asset Value:** | $39,976.00 |
| **Seizure Date:** | 09/08/05 |
| **Seizure Place:** | Providence, RI |
| **Owner Name:** | Santos, Rafael |
| **Seized From:** | Santos, Rafael |
| **Judicial District:** | District of Rhode Island |

Rafael Santos
134 Wallace Street
Providence, RI 02909-3512

**NOTICE MAILING DATE:** October 20, 2005

**NOTICE OF SEIZURE**

The above-described property was seized by Special Agents of the Drug Enforcement Administration (DEA) for forfeiture pursuant to Title 21, United States Code (U.S.C.), Section 881, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully.**

**TO REQUEST REMISSION OR MITIGATION OF FORFEITURE**

If you want to request the remission **(pardon)** or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty (30) days of your receipt of this notice. The petition must include proof of your interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

**TO CONTEST THE FORFEITURE**

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by **November 24, 2005**. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant.

**WHERE TO FILE CORRESPONDENCE**

All submissions must be filed with the **Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475. Correspondence sent via private delivery must be sent to Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, Virginia 22301. A PETITION, CLAIM, OR OTHER CORRESPONDENCE WILL BE DEEMED FILED WHEN ACTUALLY RECEIVED BY THE DEA ASSET FORFEITURE SECTION IN ARLINGTON, VIRGINIA. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED.** The Asset Id referenced above should be used with all submissions. **Failure to include the Asset ID may cause a delay in processing your submission(s).**

Exhibit 2

ASSET LIST FOR Personal Seizure Notice

October 19, 2005 12:22:21

Agcy Case: CH-05-0006 Santos, Rafael

Seizure No: N-37

| ASSET ID | ASSET DESCRIPTION | VIN/SERIAL NO. |
|---|---|---|
| 05-DEA-456796 | 1 Gent's Rado Brand Wristwatch<br>1 Gent's Bolva Brand Quartz Wristwatch<br>1 Ladies Seiko Brand Wristwatch<br>1 Gents 14K Yellow Gold Cuff Style 50.7 Grams<br>1 Gents 14 K Yellow Gold Oval Shape Religious Medal with 30 inch curb link chain 19.1 grams<br>1 Gents 14 k yellow gold curb link bracelet 24" x 14.0 14.0 mm, wgh 105.0 grams<br>1 Gents 14 k yellow gold, curb link necklace 24" x 11.5 mm, wgh 225.0 grams<br>1 Gents 14 k yellow gold, curb link necklace 24" x 14.0 mm, wgh 105.0 grams<br>1 Gents 14 k yellow gold ring with onyx and mother of pearl stripe top<br>1 Gents14k ygold diam cl ring wgh 20.8 gr w/ 72 bagt & one rnd br diam all tot 1 1/2 ct<br>1 Gents 14k ygd merc emb ring wgh 21.5 gr w/ 24 rnd<br>1 Gents 10k ygold sing stone ring wgh 6.2 gr w/ one rnd brill cut diam wgh .18 carat<br>1 Gents 14k ygold 7 diam clust ring wgh 5.8 gr, diam weight .50 carat total SI2/J-K<br>1 Gents sterl cut out band ring wgh 8.0 gr, set w/ 69 rnd, cubic zirconia<br>1 Gents 18k ygold cl ring wgh 13.1 gr w/ 11 rnd brill cut diam totaling 1.00 carat SI/I<br>1 Ladys trp rcl ring wgh 5.4 gr w/ 12 rd bc diam tot .70 ca & 5 prn diam tot .80 c VS/H<br>1 Ladys 14k ygold db row cl ring wgh 3.1 gr w/ 14 rd bc diam tot 1 car I1/I<br>1 Gents 14k ygold cont sq top cls ring wgh 12.4 gr w/ 20rd br cut diam tot 1.20 ca VS/H<br>1 Gents 14k ygold multchan cl ring wgh 13.3 gr w/16 rd br cut diam tot 2 1/2 ca SI3/I<br>1 Gents18k whgold c ring wgh 9.2 g w/ 24 r bc diam tot .48 c SI/I surr 1 ovdb nat sapp ms 6.0 x 4.0 mm<br>1 Ladys 14k ygold tw cl ring wgh 6.8 gr w/ 12 sing cut & 2 rd bc diam tot .44 ca SI/H<br>1 Gents 14k ygold ring wgh 5.0 gr w/ a rect black onyx w/gold relig fig inlay<br>1 Gents 14k yellow & white gold name ring wgh 6.0 grams<br>1 Gents 14k ygold eagle segnet ring wgh 6.4 gr w/ 1 rd diam wgh .02 ca I2/I<br>1 Gen14k Cbpnd r eys &18rd cz,pnd fr 14k ygl cb lk cn m 24in by 13.00mm both tot 116.7 g<br>1 Gents 14k ygold merced emb ring wgh 10.8 gr w/ 1 rd bcut diam wgh .02 ca SI/I<br>1 Gents 14k ygold curb link bracelet meas 8 in x 14.0 mm wgh 41.7 gr<br>1 Gents 14k ygold cluster ring wgh 11.0 gr w/ 20 tapered baguettes & 1 rd faceted cz<br>1 Gents Rado bd qua wrtwch c bck #05069299 w/14k ygd cf bra att mea 18.0mm wd wgh est 70.0 g | |

ASSET LIST FOR Personal Seizure Notice — October 19, 2005 12:21:48

Agcy Case: CH-05-0006 — Santos, Rafael — Seizure No: N-37

| ASSET ID | ASSET DESCRIPTION | VIN/SERIAL NO. |
|---|---|---|
| 05-DEA-456796 | 1 Gent's Rado Brand Wristwatch | |
| | 1 Gent's Bolva Brand Quartz Wristwatch | |
| | 1 Ladies Seiko Brand Wristwatch | |
| | 1 Gents 14K Yellow Gold Cuff Style 50.7 Grams | |
| | 1 Gents 14 K Yellow Gold Oval Shape Religious Medal with 30 inch curb link chain 19.1 grams | |
| | 1 Gents 14 k yellow gold curb link bracelet 24" x 14.0 14.0 mm, wgh 105.0 grams | |
| | 1 Gents 14 K yellow gold, curb link necklace 24" x 11.5 mm, wgh 225.0 grams | |
| | 1 Gents 14 K yellow gold, curb link necklace 24" x 14.0 mm, wgh 105.0 grams | |
| | 1 Gents 14 k yellow gold ring with onyx and mother of pearl stripe top | |
| | 1 Gents14k ygold diam cl ring wgh 20.8 gr w/ 72 bagt & one rnd br diam all tot 1 1/2 ct | |
| | 1 Gents 14k ygd merc emb ring wgh 21.5 gr w/ 24 rnd | |
| | 1 Gents 10k ygold sing stone ring wgh 6.2 gr w/ one rnd brill cut diam wgh .18 carat | |
| | 1 Gents 14k ygold 7 diam clust ring wgh 5.8 gr, diam weight .50 carat total SI2/J-K | |
| | 1 Gents sterl cut out band ring wgh 8.0 gr, set w/ 69 rnd, cubic zirconia | |
| | 1 Gents 18k ygold cl ring wgh 13.1 gr w/ 11 rnd brill cut diam totaling 1.00 carat SI/I | |
| | 1 Ladys trp rcl ring wgh 5.4 gr w/ 12 rd bc diam tot .70 ca & 5 prn diam tot .80 c VS/H | |
| | 1 Ladys 14k ygold db row cl ring wgh 3.1 gr w/ 14 rd bc diam tot 1 car I1/I | |
| | 1 Gents 14k ygold cont sq top cls ring wgh 12.4 gr w/ 20rd br cut diam tot 1.20 ca VS/H | |
| | 1 Gents 14k ygold multchan cl ring wgh 13.3 gr w/16 rd br cut diam tot 2 1/2 ca SI3/I | |
| | 1 Gents18k whgold c ring wgh 9.2 g w/ 24 r bc diam tot .48 c SI/I surr 1 ovdb nat sapp ms 6.0 x 4.0 mm | |
| | 1 Ladys 14k ygold tw cl ring wgh 6.8 gr w/ 12 sing cut & 2 rd bc diam tot .44 ca SI/H | |
| | 1 Gents 14k ygold ring wgh 5.0 gr w/ a rect black onyx w/gold relig fig inlay | |
| | 1 Gents 14k yellow & white gold name ring wgh 6.0 grams | |
| | 1 Gents 14k ygold eagle segnet ring wgh 6.4 gr w/ 1 rd diam wgh .02 ca I2/I | |
| | 1 Gen14k Cbpnd r cys &18rd cz,pnd fr 14k ygl cb lk cn @ 24in by 13.00mm both tot 116.7 g | |
| | 1 Gents 14k ygold merced emb ring wgh 10.8 gr w/ 1 rd bcut diam wgh .02 ca SI/I | |
| | 1 Gents 14k ygold curb link bracelet meas 8 in x 14.0 mm wgh 41.7 gr | |
| | 1 Gents 14k ygold cluster ring wgh 11.0 gr w/ 20 tapered baguettes & 1 rd faceted cz | |
| | 1 Gents Rado bd qua wrtwch c bck #05069299 w/14k ygd cf bra att meo 18.0mm wd wgh est 70.0 g | |

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits. O. KoYA

Asset ID: 05-DEA-456796
Rafael Santos
c/o William Murphy
127 Dorrance Street
Providence, RI 02903

CH

05-456796-003

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature X ☐ Agent ☐ Addressee

B. Received by (*Printed Name*)

C. Date of Delivery 10/24/05

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☒ ~~Return Receipt for Merchandise~~
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*) ☐ Yes

7004 2510 0001 4199 5075

842

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

**OFFICIAL USE**

7004 2510 0001 4199 5075

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

*Sent To*

*Street, Apt. No.; or PO Box No.*

*City, State, ZIP+4*

PS Form 3800, June 2002 See Reverse for Instructions

U.S. DEPARTMENT OF JUSTICE
DRUG ENFORCEMENT ADMINISTRATION

| | |
|---|---|
| **Asset Id:** | 05-DEA-456796 |
| **Case Number:** | CH-05-0006 |
| **Property:** | Assorted Jewelry (See Attached List) |
| **Asset Value:** | $39,976.00 |
| **Seizure Date:** | 09/08/05 |
| **Seizure Place:** | Providence, RI |
| **Owner Name:** | Santos, Rafael |
| **Seized From:** | Santos, Rafael |
| **Judicial District:** | District of Rhode Island |

Rafael Santos
c/o William Murphy
127 Dorrance Street
Providence, RI 02903

**NOTICE MAILING DATE:** October 20, 2005

**NOTICE OF SEIZURE**

The above-described property was seized by Special Agents of the Drug Enforcement Administration (DEA) for forfeiture pursuant to Title 21, United States Code (U.S.C.), Section 881, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. **You should review the following procedures very carefully.**

**TO REQUEST REMISSION OR MITIGATION OF FORFEITURE**

If you want to request the remission (pardon) or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty (30) days of your receipt of this notice. The petition must include proof of your interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

**TO CONTEST THE FORFEITURE**

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by **November 24, 2005**. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant.

**WHERE TO FILE CORRESPONDENCE**

All submissions must be filed with the **Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475. Correspondence sent via private delivery must be sent to Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, Virginia 22301. A PETITION, CLAIM, OR OTHER CORRESPONDENCE WILL BE DEEMED FILED WHEN ACTUALLY RECEIVED BY THE DEA ASSET FORFEITURE SECTION IN ARLINGTON, VIRGINIA. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED.** The Asset Id referenced above should be used with all submissions. **Failure to include the Asset ID may cause a delay in processing your submission(s).**

Exhibit 3

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits. O-KoYA

Asset ID: 05-DEA-456796
Rafael Santos
134 Wallace Street
Providence, RI 02909-3512

CH

05-456796-002

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by (*Printed Name*) C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail ☐ Express Mail
☐ Registered ☑ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*) ☐ Yes

7004 2510 0001 4199 5068 842

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

**OFFICIAL USE**

7004 2510 0001 4199 5068

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

*Sent To*

*Street, Apt. No.; or PO Box No.*

*City, State, ZIP+4*

PS Form 3800, June 2002 See Reverse for Instructions

THE WALL STREET JO

MONDAY, OCTOBER 31, 2005

◆ PUBLIC NOTICES

456796

# LEGAL NOTIC
## ATTENTION

The Drug Enforcement Administration (DEA), U.S. Department of Justice, gives notice that the property listed below was seized for forfeiture pursuant to Title 21, United States Code (U.S.C.), Section 881, becau
remission or mitigation of the forfeiture with the Forfeiture Counsel, Asset Forfeiture Section, Office of Domestic Operations, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quanti
Correspondence sent via private delivery must be sent to Asset Forfeiture Section, Office of Domestic Operations, Drug Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, Virginia 22301. In a
the Forfeiture Counsel of the DEA pursuant to Title 18, U.S.C., Section 983(a). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the s
Asset Forfeiture section in Arlington, Virginia. Submission by facsimile or other electronic means will not be accepted. The names of persons or businesses appearing in this notice are not necessarily criminal def

FIRST NOTICE
LAST DATE TO FILE
DECEMBER 14, 2005
PLACE SEIZED, SEIZED FROM,
DATE SEIZED

MIDDLE DISTRICT OF ALABAMA
05-DEA-456876, $543,190.00 U.S. Currency, Montgomery, AL, Alcaraz-Barajas, Enrique, 08/29/05
05-DEA-457102, $32,960.00 U.S. Currency, Montgomery, AL, Acosta-Vazquez, Luis F. AKA Lopez, Julio, 09/12/05
EASTERN DISTRICT OF ARKANSAS
05-DEA-449568, $200.00 U.S. Currency, Little Rock, AR, Gastelum, Benito, 03/16/05
DISTRICT OF ARIZONA
05-DEA-457016, 2000 Honda Accord, JHMCG5649YC009335, Mesa, AZ, Obeso-Hernandez, Adan AKA Louis, 08/13/05
05-DEA-457201, 2001 Ford Focus, 1FAFP33P71W377728, Mesa, AZ, Echevarria-Acevez, Jorge Alberto, 08/13/06
05-DEA-457206, $8,915.00 U.S. Currency, Mesa, AZ, Obeso-Hernandez, Adan AKA Louis, 08/13/05
05-DEA-457207, $4,335.00 U.S. Currency, Mesa, AZ, Obeso-Hernandez, Adan AKA Louis, 08/13/05
05-DEA-457250, $50,000.00 U.S. Currency, Phoenix, AZ, Gaytan, Guadalupe Patricia, 09/14/05
05-DEA-457462, $81,047.00 U.S. Currency, Phoenix, AZ, Clarke, Kevin, 09/13/05
05-DEA-457466, $41,400.00 U.S. Currency, Phoenix, AZ, Francis, Christopher, 09/13/05
CENTRAL DISTRICT OF CALIFORNIA
05-DEA-449133, $47,780.00 U.S. Currency, Hacienda Heights, CA, Astorga, Mike Rojo, 03/16/05
05-DEA-452556, $1,295,090.00 U.S. Currency, Ontario, CA, Hernandez, Oscar Eduardo, 05/19/05
05-DEA-452557, 2004 Acura RSX, JH4DC53004S011783, Ontario, CA, Hernandez, Oscar Eduardo, 05/19/05
05-DEA-456783, $2,601.00 U.S. Currency and (4) Assorted Money Orders, VL: $3,259.00, (3) Western Union Money Orders, Ser Nos 08-295154126; 08-295154128; 08-295154127; (1) Security Express Money Order, Ser No 51-005-189, Mission Hills, CA, White, Latoya Brayon, 08/18/05
05-DEA-456812, 1983 Harley Davidson FLSTF Fat Boy, 1HD1BML37PY040280, San Bernardino, CA, Rodriguez, John Charles, 08/17/05
05-DEA-456831, $8,425.00 U.S. Currency, Los Angeles, CA, Perez, Ricardo Marrero AKA Marrero, Ricardo, 08/18/05
05-DEA-456844, $5,620.00 U.S. Currency, Los Angeles, CA, Maldonado, Wilfredo Rosario, 08/18/05
05-DEA-457132, $18,597.00 U.S. Currency, Ontario, CA, Santiago, Juan, 08/30/05
05-DEA-457166, $10,990.00 U.S. Currency, Los Angeles, CA, Brooks, Aaron, 09/12/05
05-DEA-457379, $21,000.00 U.S. Currency, South Gate, CA, Leon Transmission, 09/21/05
EASTERN DISTRICT OF CALIFORNIA
05-DEA-457131, EECU Checking & Savings Account #11062358, VL: $25,436.73, Fresno, CA, Schoenstein, Gabriel Jedidiah AKA Schoenstein, Gabe, 09/01/05
05-DEA-457484, 2001 Toyota Solara, 2T1CG22P71C520153, Elk Grove, CA, Gonzalez, Jorge Armando, 09/02/05
NORTHERN DISTRICT OF CALIFORNIA
05-DEA-456816, $13,060.00 U.S. Currency, East Palo Alto, CA, Hill Jr, Larry Darnell, 08/16/05
SOUTHERN DISTRICT OF CALIFORNIA
05-DEA-457023, $1,625.00 U.S. Currency, Pine Valley, CA, Kasson, Kimberly Kay, 09/14/05
05-DEA-457080, $3,375.00 U.S. Currency, Vista, CA, Reed, Christopher, 09/15/05
05-DEA-457130, $1,525.00 U.S. Currency, San Diego, CA, Liston, Shane Harker, 09/15/05
05-DEA-457265, 1995 Ford Mustang Sedan, 1FALP40489F234486, San Clemente, CA, Urban-Ortiz, Miguel Angel, 09/16/05
05-DEA-457339, 2005 Mercedes Benz ML500 SUV, 4JGAB75E45A532587, Murrieta, CA, Galvez, Vanessa, 09/20/05
DISTRICT OF COLORADO
05-DEA-456937, 1984 Piper Aztec, Tail Number N5435Y, Walkins, CO, Bentley, Cameron, 09/01/05
05-DEA-457408, $8,046.00 U.S. Currency, Arvada, CO, Edwards, David, 09/09/05
DISTRICT OF CONNECTICUT
05-DEA-452658, $5,155.00 U.S. Currency, Hartford, CT, Henry, Marvin, 09/19/05
MIDDLE DISTRICT OF FLORIDA
05-DEA-445750, $203,951.00 U.S. Currency, Wildwood, FL, Uriarte Jr., Prudencio, 11/22/04
05-DEA-457125, $20,000.00 U.S. C...

ammunition; (5) .44 caliber rounds of ammunition, Lexington, KY, Huffman, Leigh Jai AKA Huffman, Leigh Jay AKA Huffman, L. J., 09/07/05
DISTRICT OF MASSACHUSETTS
05-DEA-456459, $3,209.00 U.S. Currency, Springfield, MA, Samuels, George, 08/27/05
05-DEA-456478, $20,000.00 U.S. Currency, Springfield, MA, Samuels, George, 08/27/05
05-DEA-456492, $6,123.00 U.S. Currency, West Springfield, MA, Samuels, George, 08/27/05
05-DEA-456602, 2004 Nissan Armada, 5N1AA08B14N743086, Springfield, MA, Samuels, George, 08/27/05
05-DEA-456612, 2003 Mercedes-Benz CL55, WDBPJ74J43A033155, West Springfield, MA, Samuels, George, 08/27/05
05-DEA-456625, One Smith and Wesson Model 686-3 .357 Magnum Revolver, Ser No B NE 8314, VL: $320.00, West Springfield, MA, Samuels, George, 08/27/05
DISTRICT OF MARYLAND
05-DEA-456718, $68,100.00 U.S. Currency, Parkville, MD, Thomas, Mark Anthony AKA Junior, 09/01/05
05-DEA-456721, $14,952.00 U.S. Currency, Parkville, MD, Thomas, Mark Anthony AKA Junior, 09/01/05
05-DEA-457335, $2,618.00 U.S. Currency, Frostburg, MD, Schneider, Marcy Scott, 09/15/05
05-DEA-457343, $3,837.00 U.S. Currency, Salisbury, MD, Roberts, Lamont Kinte, 09/15/05
05-DEA-457349, $1,344.00 U.S. Currency, Baltimore, MD, Hollman, Arthur William AKA Hoffman Jr., Arthur William, 09/26/05
05-DEA-457350, $5,576.00 U.S. Currency, Baltimore County, MD, Nugent, Paul Vasconis, 09/19/05
05-DEA-457351, $2,048.00 U.S. Currency, Baltimore County, MD, Cross, Kevin, 09/19/05
05-DEA-457366, 1992 Lexus SC400, JT8UZ30C4N0009031, Baltimore, MD, Thomas, Keith Meyer, 09/13/05
05-DEA-457369, $2,860.00 U.S. Currency, Baltimore, MD, Hoffman, Arthur William AKA Hoffman Jr., Arthur William, 09/07/05
05-DEA-457408, Bank Account: Wachovia Bank, Account #2000001704293, VL: $3,648.22, Pikesville, MD, Colton, Marc A., 08/26/05
05-DEA-457439, Bank Account: SSA Baltimore FCU, Account #715402, VL: $4,322.23, Windsor Mill, MD, Colton, Marc A., 08/31/05
05-DEA-457542, $3,309.00 U.S. Currency, Anne Arundel County, MD, Hobbs, Rami Kareem, 09/15/05
05-DEA-457584, $3,046.00 U.S. Currency, Baltimore, MD, Perkins, Bernard AKA Perkins, Bernard Lee AKA Perkins, Bernard Xavier, 09/07/05
05-DEA-457592, $2,500.00 U.S. Currency, Baltimore, MD, Nelson, Tyrone Hugh, 09/07/05
EASTERN DISTRICT OF MICHIGAN
05-DEA-457172, $65,938.00 U.S. Currency, Dearborn, MI, Glover, Don Diego-Francisco AKA Robinson, Gerard AKA Robinson, Solomon Gerard, 09/07/05
05-DEA-457248, 1999 Chevrolet Express RV Van, 1GBFG15R5X1051369, Detroit, MI, Mold, Kowona Amika-Shawnta, 09/07/05
05-DEA-457263, (3) Women's Fur Coats, VL: $5,600.00, (1) Natural Female Pelt Mahogany Mink Stroller, (1) Full Length Natural Mahogany Mink Coat, (1) Natural Ranch Mink Jacket, Redford, MI, Perryman, Elaina Chennel, 09/07/05
05-DEA-457280, Assorted Jewelry, VL: $58,301.00, (1) Necklace with baseball glove pendant; (1) Necklace with cross pendant; (1) Watch marked "AM Pride"; (1) women's earring; (1) Men's silver colored thumb print ring; (1) Men's silver colored ring with blue stone; (1) Silver ring diamond shaped; (1) Silver colored bracelet with clear stones, Redford, MI, Perryman, Elaina Chennel, 09/07/05
05-DEA-457309, 1999 Bentley Arnage Green Label, SCBLB51E4XCX01750, Redford, MI, Perryman, Elaina Chennel, 09/07/05
05-DEA-457422, 1995 Stoughton Trailer, 1DW1A5325SS005511, Detroit, MI, Tucker, Lamont Antonio AKA Tucker, Lamont AKA Smith, Timothy James AKA Smith, Timothy and Jackson, Parrish Juan, 09/10/05
05-DEA-457447, 1996 Peterbilt Tractor, 1XP5DB9X5TN419801, Detroit, MI, Tucker, Lamont Antonio AKA Tucker, Lamont AKA Smith, Timothy James AKA Smith, Timothy and Jackson, Parrish Juan, 09/16/05
05-DEA-457456, $104,285.00 U.S. Currency, Detroit, MI, Tucker, Lamont Antonio AKA Tucker, Lamont AKA Smith, Timothy James AKA Smith, Timothy and Jackson, Parrish Juan, 09/16/05
DISTRICT OF MINNESOTA
05-DEA-457177, 2001 Chevrolet Silverado, [illegible]

Bronx, NY, Acevedo, Michael, 09/08/05
05-DEA-457472, $8,718.00 U.S. Currency, New York, NY, Guzman, Edward, 09/01/05
05-DEA-457518, $4,360.00 U.S. Currency, South Nyack, NY, Anderson, James, 08/31/05
WESTERN DISTRICT OF NEW YORK
05-DEA-457335, $2,022.00 U.S. Currency, Lancaster, NY, Roetzer, Thomas J., 09/16/05
WESTERN DISTRICT OF OKLAHOMA
05-DEA-457406, 1999 Ford F-250, 1FTNW21F4XEE81847, Oklahoma City, OK, Chavez-Barrios, Edgar, 09/14/05
DISTRICT OF OREGON
05-DEA-457255, Assorted Weapons, VL: $226.00, (34) Smith and Wesson 9mm SW9VE, Ser No PBH0102; (35) Unknown Make and Model 7.62X39mm MISR Receiver Made By Mood Egypt, Ser No CA1-00276, Brightwood, OR, Castro-Lopez, Jose, 08/25/05
05-DEA-457346, Assorted Weapons, VL: $2.00, (1) Remington shotgun, 12 gauge caliber, blue steel with wooden stock, Ser No AR202300; (1) Lorcin handgun, 9mm caliber, stainless slide with black receiver, Ser No L115665, Perry Springs, OR, Mesa-Fernandez, Jose and Mesa-Fernandez, Reynaldo, 09/14/05
EASTERN DISTRICT OF PENNSYLVANIA
05-DEA-457461, 1991 Acura NSX Sport Coupe, JH4NA1156MT000106, Philadelphia, PA, Tieu, Sang, 09/19/05
MIDDLE DISTRICT OF PENNSYLVANIA
05-DEA-457310, 2004 Chrysler Pacifica, 2C8GF68474R291341, Newville, PA, Williamson, Jennifer 09/24/05
05-DEA-457365, $186,490.00 U.S. Currency, Newville, PA, Williamson, Jennifer, 09/24/05
05-DEA-457661, Gents Diamond 14k Gold Bracelet, VL: $5,995.00, Highspire, PA, Sevilla, Eduardo AKA Medina, Miguel, 09/07/05
DISTRICT OF RHODE ISLAND
05-DEA-456796, Assorted Jewelry, VL: $39,975.00, Providence, RI, Santos, Rafael, 09/08/05
05-DEA-456799, 1997 Mercedes Benz E300D, WDBJF20F1VA373129, Providence, RI, Santos, Rafael, 09/08/05
EASTERN DISTRICT OF TENNESSEE
05-DEA-457493, $3,925.00 U.S. Currency, East Ridge, TN, Andersen, Dennis, 09/01/05
MIDDLE DISTRICT OF TENNESSEE
05-DEA-457516, $46,303.00 U.S. Currency, Sparta, TN, Boatwright, William Lazy and Blasard, Linda Mane, 09/21/05
NORTHERN DISTRICT OF TEXAS
05-DEA-457572, $15,000.00 U.S. Currency, Dallas, TX, Hernandez-Cortez, Elvain, 09/20/05
SOUTHERN DISTRICT OF TEXAS
05-DEA-456808, 2005 Jaguar "S" Type Sedan, SAJWA03V951N10889, Laredo, TX, Aguiar, Nora, 08/29/05
05-DEA-456895, (12) U.S.P.S. Money Orders, VL: $6,000.00, Ser Nos. 07197699791; 07970201245; 07970201234; 07197695493; 07197699780; 07197695482; 07575617025; 07575619566; 07197699036; 07575819545; 07197699025; 07197695471, Brazoria, TX, Felts, Kevin Clay AKA Felts, Sonny AKA Milan, Neil AKA Hawkes, Alan, 08/31/05
05-DEA-456947, $120,118.66 U.S. Currency, Brazoria, TX, Felts, Kevin Clay AKA Felts, Sonny AKA Milan, Neil AKA Hawkes, Alan, 08/31/05
05-DEA-456952, $1,000.00 U.S. Currency, Houston, TX, Siders-Castro, Daniel Jesus, 09/01/05
05-DEA-456992, 2001 Peterbilt Tractor, 1XP7DB9X11D548305, Laredo, TX, Esquivel-Colchado, Enrique, 09/04/05
05-DEA-457030, 2002 Acura MDX, 2HNYD18672H538242, Sugar Land, TX, Nguyen, Myquang, 09/08/05
05-DEA-457089, 2002 Mercedes C240, WDBRF61J12F184024, Houston, TX, Nguyen, Drakened Tuan, 09/09/05
05-DEA-457114, $771,405.00 U.S. Currency, Rio Grande City, TX, Crecencio-Ramos, Jose, 09/12/05
05-DEA-457174, 1997 Chrysler Cirrus, 1C3EJ56H4VN582809, Laredo, TX, Vargas, Amalia Vasquez, 09/02/05
05-DEA-457317, 2002 Chevrolet Trailblazer, 1GNDT13S522331327, Laredo, TX, Andrade-Velez, Raymundo, 09/06/05
05-DEA-457323, 1995 Strick Utility Trailer, 1S12E9531SE395212, Laredo, TX, Flores-Elvira, Miguel Angel, 09/05/05
05-DEA-457333, 2001 Volkswagen Jetta, 3VWSS29M71M050507, Laredo, TX, Garcia-Rodriguez, Cipriano, 09/02/05
05-DEA-457342, 1998 Ford Labo, 1FTDF1720WK800850, Laredo, TX, Rios-Vargas, Juan, 09/13/05
05-DEA-457377, 1996 Freightliner Tractor, 2FUYDSEB7TA735883, Laredo, TX, Flores-Elvira, Miguel Angel, 09/05/05
WESTERN DISTRICT OF TEXAS

WDBNG70J52A280294, San Gabriel, CA, Pheng, Phu Mang AKA Lam, Larry, 08/26/05
05-DEA-456981, 2001 Toyota Highlander V6, JTEGF21A710004267, Westminster, CA, Tram, Sonha K. and Tram, Thanh K., 08/25/05
05-DEA-457011, (21) Assorted Money Orders; VL: $10,500.00, (4) United States Postal Money Orders, Ser Nos 26952035; 08226952066; 08228952088; 08226952077; (4) Rite Aid Western Union Money Orders, Ser Nos 45-493005344; 45-493005345; 45-493005347; 45-493005346, (3) Western Union Money Orders, Ser Nos 08-294716101; 08-294716099; 08-294716100; (4) Personal Money Orders, Ser Nos 024912035 1; 024912038 0; 024912037 8; 024912034 2(4) Ace Check Cashing Inc. Money Orders, Ser Nos 040632877 0; 040632878 7; 040632871 5; 040632872 4; (2) TravelersExpress MoneyGram International Money Orders, Ser Nos 46730198108; 48730198119; Hawthorne, CA, Nolan, Althea, 09/09/05
05-DEA-457081, $29,076.00 U.S. Currency, Los Angeles, CA, Darby, Augustus AKA Johnson, Anthony, 08/31/05
05-DEA-457094, $8,750.00 U.S. Currency, Los Angeles, CA, Williams, Sandra, 09/15/05
05-DEA-457096, $18,960.00 U.S. Currency, Hermosa Beach, CA, Castaneda, Victor Hugo, 08/26/05
05-DEA-457097, $183,090.00 U.S. Currency, Paramount, CA, Rodriguez, Miguel A., 08/26/05
05-DEA-457098, $381,654.00 U.S. Currency, South Gate, CA, Castaneda, Oscar, 09/15/05
05-DEA-457123, $30,570.00 U.S. Currency, Los Angeles, CA, Mota-Escobar, Salvador, 08/31/05
05-DEA-457228, (8) United States Postal Money Orders; VL: $7,980.00, (8) United States Postal Money Orders, Ser Nos 08203241968; 08203625591; 08950709654; 08203241957; 08203625650; 08950709665; 08203160755; 08158401601, Los Angeles, CA, Moore, Autumn, 09/15/05
05-DEA-457640, 1999 Ford F-250, 1FTNX20S3XEA68215, Barstow, CA, Sturgeon, Joseph Allen, 08/11/05
05-DEA-457644, 2008 Fleet 20' RV Trailer, 1F9E20222GR770183, Barstow, CA, Sturgeon, Joseph Allen, 08/11/05
EASTERN DISTRICT OF CALIFORNIA
05-DEA-457150, $31,700.00 U.S. Currency, Fresno, CA, Crossley, David Lee and Christoffersen, Richard Allen, 08/30/05
05-DEA-457152, Golden 1 Credit Union, Account #5513580710, Checking & Savings, VL: $24,333.66, Fresno, CA, Crossley, David Lee, 09/07/05
05-DEA-457153, $33,361.00 U.S. Currency, Rio Linda, CA, Fowler, Louis Wayne, 09/06/05
05-DEA-457278, $22,277.00 U.S. Currency, Solano, CA, Thorne, Gregory Paul, 08/26/05
NORTHERN DISTRICT OF CALIFORNIA
05-DEA-457288, $500.00 U.S. Currency, Pittsburg, CA, Thorne, Gregory Paul and Dickson, Lisa Marie, 08/28/05
SOUTHERN DISTRICT OF CALIFORNIA
05-DEA-456693, 2000 Ford Focus SE Sedan, 1FAFP3439YW253683, Pine Valley, CA, Briceno-Gaspar, Jaime, 08/25/05
05-DEA-456880, $1,590.00 U.S. Currency, San Diego, CA, Lopez, Abel Antonio, 09/10/05
05-DEA-456882, $70.00 U.S. Currency, San Diego, CA, Unidentified, 09/06/05
05-DEA-456936, $11,800.00 U.S. Currency, San Diego, CA, McRae, Louie Ronald, 09/13/05
05-DEA-456943, $7,022.00 U.S. Currency, El Cajon, CA, Stanacopher, William George, 09/13/05
05-DEA-456944, $2,695.00 U.S. Currency, El Cajon, CA, Dandepa, Anita Marie, 09/13/05
05-DEA-456978, $25,200.00 U.S. Currency, San Diego, CA, Bastidas, Jesus Alberto, 09/13/05
05-DEA-457060, 2001 Lincoln Continental LS Sedan, 1LNHM87A71Y628558, Vista, CA, Weamer, Lloyd B., 08/31/05
05-DEA-457139, $289,500.00 U.S. Currency, Encinitas, CA, Rozak, Bernard, 09/14/05
DISTRICT OF CONNECTICUT
05-DEA-456692, $3,900.00 U.S. Currency, West Haven, CT, Muñoz, Benjamin, 08/30/05
05-DEA-456901, 1998 Range Rover, SALPV1248WA392966, New Haven, CT, Goins, Christopher, 09/07/05
MIDDLE DISTRICT OF FLORIDA
05-DEA-457087, $100,000.00 U.S. Currency, St. Petersburg, FL, Gibson, Dontell, 09/12/05
05-DEA-457092, $1,674.00 U.S. Currency, Brooksville, FL, McClinton, James, 08/01/05
05-DEA-457123, $3,783.00 U.S. Currency, Brooksville, FL, McClinton, James, 08/01/05
05-DEA-457137, 1999 Ford F-150 Pick-Up Truck, 2FTZX0726XCA18854, Brooksville, FL, McClinton, James, 08/01/05
05-DEA-457140, 1994 Lexus GS300 Sedan, JT8JS47E0R0064839, Brooksville, FL

Leigh Jai AKA Huffman, Leigh Jay AKA Huffman, L. J., 09/07/05
05-DEA-457280, 2002 Mercedes Benz S500 WDBNG75J02A265150, Nicholasville, KY, Huffman, Leigh Jai AKA Huffman, Leigh Jay AKA Huffman, L. J., 09/07/05
DISTRICT OF MASSACHUSETTS
05-DEA-457747, $15,982.00 U.S. Currency Lowell, MA, Bun, Dy, 08/08/05
DISTRICT OF MARYLAND
05-DEA-456871, $2,232.00 U.S. Currency, Baltimore, MD, Ciotfiori, Stephen, 09/02/05
05-DEA-456881, $12,840.00 U.S. Currency Baltimore, MD, Todman, Mark, 09/07/05
05-DEA-456953, BB&T Bank Account #5154132319, VL: $13,547.84, Frederick, M Gorman, William Thomas, 08/24/05
05-DEA-457187, Rolex Oyster Perpetual Submariner Watch, VL: $4,950.00, (1) 18K ss Rolex Bracelet Watch M41661,U5AY5629 with two sapphires and eight diamonds ctw Ser No 37-457187-001, Dundalk, MD, Brew Jason and Brewer, Jennifer, 08/28/05
05-DEA-457189, Cashiers Check: Wachovia Bank, Cashier Check #517906308, VL: $15,000.00, Baltimore, MD, Brewer, Jason, 08/26/05
05-DEA-457193, Cashiers Check: Provident Bank, Cashiers Check #5046948435, VL: $25,000.00, Baltimore, MD, Brewer, Jason, 08/26/05
05-DEA-457222, $97,453.00 U.S. Currency, Hanover, MD, Vann, Julius David, 09/20/05
DISTRICT OF MAINE
05-DEA-457288, $10,139.50 U.S. Currency, Lebanon, ME, Fifield, Debra and Thomas, William, 08/07/05
05-DEA-457374, 2002 Yamaha YZF R1P Motorcycle, JYARN10E42A002756, Berwick ME, Chan, Sam, 08/08/05
EASTERN DISTRICT OF MICHIGAN
05-DEA-455894, $91,050.00 U.S. Currency, Detroit, MI, Richardson, Melvin, 08/09/05
05-DEA-455896, $14,530.00 U.S. Currency, Detroit, MI, Bolden, Lawrence D., 08/10/05
05-DEA-455898, 2005 Ford Freestyle SE, 1FM2K01165GA46820, Detroit, MI, Bolden, Lawrence D., 08/10/05
05-DEA-456138, 2004 Kia Amanti, KNALD124045026465, Detroit, MI, Richards Melvin, 08/05/05
05-DEA-456399, $10,000.00 U.S. Currency, Detroit, MI, Thigpen, Jacqueline Doral, 08/12
05-DEA-456411, Ladies Diamond/Silver Ring with Silver Band, VL: $4,500.00, Dearborn Heights, MI, Thigpen-Jackson, Bernice Leynette, 08/12/05
05-DEA-456535, Assorted Jewelry, VL: $5,100.00, Detroit, MI, Richardson, Melvin, 08/09/05
05-DEA-456661, $5,000.00 U.S. Currency, Dearborn Heights, MI, Thigpen-Jackson, Bernice Leynette, 08/12/05
DISTRICT OF MINNESOTA
05-DEA-457214, 2000 Eobcat 773 Turbo GT, Ser No 519012474, Minneapolis, MN, Carlso Guy Maxwell, 08/26/05
EASTERN DISTRICT OF MISSOURI
05-DEA-456919, $19,129.00 U.S. Currency, Clayton, MO, Gibbs, Lorenzo Ralph, 09/07/05
05-DEA-457043, $33,453.00 U.S. Currency, Valley Park, MO, Hardcastle, Lisa, 09/09/05
SOUTHERN DISTRICT OF MISSISSIPPI
05-DEA-457476, $223,075.00 U.S. Currency, Warren County, MS, Gomez, Oscar Juarez, 08/23/05
EASTERN DISTRICT OF NORTH CAROLIN
05-DEA-456884, $14,020.00 U.S. Currency, Turkey, NC, Damian, Victorino and Gomez, Celene Nunez, 08/13/05
05-DEA-456894, $50,000.00 U.S. Currency, Turkey, NC, Damian, Victorino and Gomez, Celene Nunez, 08/13/05
05-DEA-456990, $6,501.00 U.S. Currency, Hubert, NC, Smallwood, John D., 08/06/05
05-DEA-457021, $12,900.00 U.S. Currency, Cary, NC, Weltman, Brian Thomas and Hawkins, Tanner Edwards and Hawkins, Jamison, 09/02/05
05-DEA-457678, $8,982.00 U.S. Currency, Wilmington, NC, Skalko, Thomas Joshua, 08/10/05
MIDDLE DISTRICT OF NORTH CAROLINA
05-DEA-457022, $2,360.59 U.S. Currency, Winston Salem, NC, Scippio Jr., William Roge 09/09/05
05-DEA-457026, $23,000.00 U.S. Currency, Winston Salem, NC, Scippio Jr., William Roge 09/09/05
05-DEA-457095, $1,739.00 U.S. Currency, Hi Point, NC, Williams III, Robert Lee, 09/14/05
05-DEA-457112, $9,608.00 U.S. Currency, Hi Point, NC, Nance, Colby Dyshan, 09/13/05
05-DEA-457121, $1,413.00 U.S. Currency, Greensboro, NC, Brown, Gregory Lamont, 09/09/05

Exhibit 4

# miller

MILLER ADVERTISING AGENCY, INC. * 71 FIFTH AVENUE * NEW YORK, NY 10003 * (212) 929-2200

## Drug Enforcement Administration

### Re-Cap Sheet for 3 Advertising Runs

OCTOBER 31, NOVEMBER 7 AND NOVEMBER 14, 2005

| | | | |
|---|---|---|---|
| SOUTHERN DISTRICT OF NEW YORK | 05-DEA-457186 | 6 | $75.18 |
| | 05-DEA-457472 | 6 | $75.18 |
| | 05-DEA-457518 | 7 | $87.71 |
| WESTERN DISTRICT OF NEW YORK | 05-DEA-457355 | 7 | $87.71 |
| WESTERN DISTRICT OF OKLAHOMA | 05-DEA-457406 | 9 | $112.77 |
| DISTRICT OF OREGON | 05-DEA-457255 | 20 | $250.60 |
| | 05-DEA-457346 | 23 | $288.19 |
| EASTERN DISTRICT OF PENNSYLVANIA | 05-DEA-457461 | 9 | $112.77 |
| MIDDLE DISTRICT OF PENNSYLVANIA | 05-DEA-457510 | 9 | $112.77 |
| | 05-DEA-457565 | 7 | $87.71 |
| | 05-DEA-457661 | 11 | $137.83 |
| DISTRICT OF RHODE ISLAND | 05-DEA-456796 | 9 | $112.77 |
| | 05-DEA-456799 | 9 | $112.77 |
| EASTERN DISTRICT OF TENNESSEE | 05-DEA-457453 | 7 | $87.71 |
| MIDDLE DISTRICT OF TENNESSEE | 05-DEA-457516 | 9 | $112.77 |
| NORTHERN DISTRICT OF TEXAS | 05-DEA-457572 | 8 | $100.24 |
| SOUTHERN DISTRICT OF TEXAS | 05-DEA-456805 | 9 | $112.77 |
| | 05-DEA-456895 | 27 | $338.31 |
| | 05-DEA-456947 | 12 | $150.36 |
| | 05-DEA-456952 | 9 | $112.77 |
| | 05-DEA-456992 | 9 | $112.77 |
| | 05-DEA-457030 | 9 | $112.77 |
| | 05-DEA-457089 | 9 | $112.77 |
| | 05-DEA-457114 | 9 | $112.77 |
| | 05-DEA-457174 | 9 | $112.77 |
| | 05-DEA-457317 | 9 | $112.77 |
| | 05-DEA-457323 | 9 | $112.77 |
| | 05-DEA-457333 | 9 | $112.77 |
| | 05-DEA-457362 | 9 | $112.77 |
| | 05-DEA-457377 | 9 | $112.77 |

MURPHY & FAY, L.L.P.
ATTORNEYS AT LAW

William J. Murphy
Mark A. Fay

Norman L. Landroche, Jr.
Steven H. Crawford

127 Dorrance Street
2nd Floor
Providence, Rhode Island 02903
Telephone 401-490-3200
Facsimile 401-490-3207

November 17, 2005

Forfeiture Counsel
Asset Forfeiture Section
Office of Domestic Operations
Drug Enforcement Administration
HQs Forfeiture Response
P.O. Box 1475
Quantico, Virginia 22134-1475

| | | |
|---|---|---|
| Re: | Asset Id: | 05-DEA-456796 |
| | Case No.: | CH-05-0006 |
| | Property: | Assorted Jewelry (See Attached List) |
| | Asset Value: | $39,976.00 |
| | Seizure Date: | 09-08-05 |
| | Seizure Place: | Providence, Rhode Island |
| | Owner Name: | Rafael Santos |
| | Seized From: | Rafael Santos |
| | District: | District of Rhode Island |

2005 NOV 22 PM 6:1

**FORFEITURE/SEIZURE CONTEST**

Now comes Rafael Santos, by and through his attorney, and hereby contests the forfeiture/seizure of the above-referenced Assorted Jewelry (See Attached List) thirty nine thousand nine hundred seventy six ($39,976.00) dollars seized by the U.S. Department of Justice, Drug Enforcement Administration on September 8, 2005.

Mr. Rafael Santos avers that the aforementioned is his property and unrelated to any illegal proceeds.

842

Exhibit 5

It should be noted that some of the property aforementioned belongs to third parties of Mr. Rafael Santos immediate family.

**AFFIDAVIT**

I, Rafael Santos, d/o/b 12-12-63, am the lawful owner of the above-indicated property.

Rafael Santos

State of Rhode Island
County of Providence

Signed and sworn to before me on this 17 day of November, 2005.

Notary Public
My Commission Expires: 4/20/09

Respectfully submitted,
Rafael Santos,
By His Attorney,

William J. Murphy (#4258)
MURPHY & FAY, L.L.P.
127 Dorrance Street – 2nd Floor
Providence, Rhode Island 02903
Telephone: 401-490-3200
Facsimile: 401-490-3207

2005 NOV 22 PM 6:17

**U. S. Department of Justice**
Drug Enforcement Administration
Office of Operations Management

NOV 30 2005

**CERTIFIED MAIL – RETURN RECEIPT REQUESTED**

Rafael Santos
c/o William J. Murphy, Esq.
Murphy & Fay, LLP
127 Dorrance Street, 2nd Floor
Providence, RI 02903

| ASSET ID NUMBER | CASE NUMBER | PROPERTY DESCRIPTION |
|---|---|---|
| 05-DEA-456796 | CH-05-0006 | Assorted Jewelry |

Dear Claimant:

The correspondence for the above-referenced property has been received; however, it is **defective** as a claim and is being returned for the following reason(s):

____ Claimant did not identify the specific property being claimed. See 18 USC § 983 (a) (2) (C) (i).

____ Claimant did not state claimant's interest in the property. See 18 USC § 983 (a) (2) (C) (ii).

____ Claim must be signed by the party claiming an interest in the property, not the attorney representing the claimant. See 18 USC § 983 (a) (2) (C).

XX As indicated in the Notice of Seizure letter dated October 20, 2005, the claim was not made under oath, **subject to penalty of perjury**. See 18 USC § 983 (a) (2) (C) (iii). It is not sufficiently clear that the claimant has sworn to the truth of the facts, subject to the penalty of perjury. The claim must clearly state that the claimant is making the statements, subject to the penalty of perjury. The claimant may use the following language:

> **I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.**
>
> **Executed on (date).** **(Signature of Claimant)**

Exhibit 6

____ Other: ______________________________________________

As a matter of discretion, you are allowed **twenty (20) days** from the date of your receipt of this letter to cure any deficiencies noted above, returning such with your **original** submission. In addition, if the correction is not made, the Drug Enforcement Administration (DEA) may treat the documents as nugatory, and the case shall proceed as though the documents had not been tendered. See 21 C.F.R § 1316.76. Please ensure that **all documents and correspondence regarding this matter reference the DEA asset identifier and case numbers noted above** and, unless otherwise directed, be addressed to the Forfeiture Counsel, Office of Operations Management, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, VA 22134-1475. Correspondence sent via private delivery must be sent to the Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, 2401 Jefferson-Davis Highway, Alexandria, VA 22301.

Sincerely,

for

Asset Forfeiture Section, OMA
Office of Operations Management

Enclosure

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

05-456796-005

1\. Article Addressed to:

Asset I.D. 05-DEA-456796 (CH)

Rafael Santos
c/o William J. Murphy, Esq.
Murphy & Fay, LLP
127 Dorrance Street, 2nd Floor
Providence, RI 02903

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (*Printed Name*) C. Date of Delivery 12/8/05

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3\. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4\. Restricted Delivery? (*Extra Fee*) ☐ Yes

7004 1350 0004 0706 2445

PS Form 3811, February 2004 Domestic Return Receipt 846 102595-02-M-1540

U.S. Postal Service
CERTIFIED MAIL RECEIPT
(*Domestic Mail Only; No Insurance Coverage Provided*)

For delivery information visit our website at www.usps.com

OFFICIAL USE

7004 1350 0004 0706 2445

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Reciept Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

*Sent To*

*Street, Apt. No.; or PO Box No.*

*City, State, ZIP+4*

PS Form 3800, June 2002 See Reverse for Instructions

MURPHY & FAY, L.L.P.
ATTORNEYS AT LAW

William J. Murphy
Mark A. Fay

Norman L. Landroche, Jr.
Steven H. Crawford

127 Dorrance Street
2nd Floor
Providence, Rhode Island 02903
Telephone 401-490-3200
Facsimile 401-490-3207

December 19, 2005

Forfeiture Counsel
Asset Forfeiture Section
Office of Domestic Operations
Drug Enforcement Administration
HQs Forfeiture Response
P.O. Box 1475
Quantico, Virginia 22134-1475

| | | |
|---|---|---|
| Re: | Asset Id: | 05-DEA-456796 |
| | Case No.: | CH-05-00036 CH-05-0006 |
| | Property: | Assorted Jewelry (See Attached List) |
| | Asset Value: | $39,976.00 |
| | Seizure Date: | 09-08-2005 |
| | Seizure Place: | Providence, Rhode Island |
| | Owner Name: | Rafael Santos |
| | Seized From: | Rafael Santos |
| | District: | District of Rhode Island |

Dear Sir or Madam:

Please find enclosed a fully executed Forfeiture/Seizure Contest on behalf of Rafael Santos in the above-referenced matter.

If you have any questions, please do not hesitate to contact me.

Very truly yours,

William J. Murphy

WJM/dmr
Enclosure

Exhibit 7

MURPHY & FAY, L.L.P.
ATTORNEYS AT LAW

William J. Murphy
Mark A. Fay

Norman L. Landroche, Jr.
Steven H. Crawford

127 Dorrance Street
2nd Floor
Providence, Rhode Island 02903
Telephone 401-490-3200
Facsimile 401-490-3207

December 9, 2005

Forfeiture Counsel
Asset Forfeiture Section
Office of Domestic Operations
Drug Enforcement Administration
HQs Forfeiture Response
P.O. Box 1475
Quantico, Virginia 22134-1475

Re:

| | |
|---|---|
| Asset Id: | 05-DEA-456799 |
| Case No.: | CH-05-00036 CH-05-0006 |
| Property: | 1997 Mercedes Benz E300D |
| Asset Value: | $10,550.00. |
| Seizure Date: | 09-08-05 |
| Seizure Place: | Providence, Rhode Island |
| Owner Name: | Rafael Santos |
| Seized From: | Rafael Santos |
| District: | District of Rhode Island |

**FORFEITURE/SEIZURE CONTEST**

Now comes Rafael Santos, by and through his attorney, and hereby contests the forfeiture/seizure of the above-referenced 1997 Mercedes Benz E300D Vehicle ID No. WDBJF20VA373129 Ten Thousand Five Hundred Fifty ($10,500.00) dollars seized by the U.S. Department of Justice, Drug Enforcement Administration on September 8, 2005.

**AFFIDAVIT**

I, Rafael Santos, d/o/b 12-12-63, am the lawful owner of the above-indicated property. I declare under penalty of perjury that the foregoing is true and correct.

12/14/05
Date: [redacted]

[redacted]
Rafael Santos

State of Rhode Island
County of Providence

Signed and sworn to before me on this 14th day of December, 2005.

Notary Public
My Commission Expires: 12-31-06

Respectfully submitted,
Rafael Santos,
By His Attorney,

William J. Murphy (#4258)
MURPHY & FAY, L.L.P.
127 Dorrance Street – 2nd Floor
Providence, Rhode Island 02903
Telephone: 401-490-3200
Facsimile: 401-490-3207

**U. S. Department of Justice**
Drug Enforcement Administration

*www.dea.gov*

FEB 13 2006

**CERTIFIED MAIL - RETURN RECEIPT REQUESTED**

William J. Murphy
Attorney at Law
127 Dorrance Street, 2nd Floor
Providence, RI 02903

| | | |
|---|---|---|
| RE: | DEA Case No.: | CH-05-0006 |
| | Asset I.D. No.: | 05-DEA-456796 |
| | Asset Description: | Assorted Jewelry |
| | Asset ID No.: | 05-DEA-456799 |
| | Asset Description: | 1997 Mercedes Benz E 300D |
| | Client: | Rafael Santos |

Dear Mr. Murphy:

The Drug Enforcement Administration (DEA), Office of Domestic Operations, Asset Forfeiture Section, received your correspondence on January 20, 2006, regarding the above-referenced property. This office has reviewed this matter and affirms its previous ruling that your client has only submitted a valid claim for Asset ID Number 05-DEA-456799, 1997 Mercedes Benz E 300D.

The correspondence dated December 19, 2005, and received by DEA on December 22, 2005, while captioning Asset ID Number 05-456796, only included a valid and timely submitted claim for Asset ID Number 05-456799. As only a claim was submitted on this asset, the matter was referred to the United States Attorney's Office. As to the jewelry, DEA is not in receipt of a valid claim and therefore, the matter was not referred to the United States Attorney's Office.

The facsimile that you submitted to this office on January 27, 2006, while referencing four pages, only consisted of a three page submission. A review of the facsimile disclosed that it consisted of the same submission previously received by DEA on December 22, 2005, and ruled on as outlined above.

Exhibit 8

As the time period for filing a claim on the jewelry has expired, the option to file a claim to contest the seizure of the jewelry in U.S. District Court no longer exists. Your may request the return of the property through DEA (administratively), by submitting a Petition for Remission or Mitigation of Forfeiture. For your reference, a petition is a statement of the facts and circumstances which you believe justifies the return of the property. The petition process does not involve a hearing. Please note that the petition must also be signed and properly sworn to by the Petitioner. If an individual authorized to administer oaths is not available, you may substitute the following language:

> "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Petitioner's signature)."

You are hereby granted **thirty (30) days** from the date of your receipt of this letter to submit a Petition for Remission or Mitigation of Forfeiture. For additional information regarding the administrative forfeiture process and Petitions for Remission or Mitigation, your attention is directed to Title 28, C.F.R., and Part 9.

Further correspondence regarding this matter must reference the Case and Asset I.D. numbers noted above and should be addressed to the Forfeiture Counsel, Asset Forfeiture Section (OMA), Drug Enforcement Administration, HQs Forfeiture Response, P. O. Box 1475, Quantico, VA 22134-1475. Correspondence sent via private carrier should be addressed to the Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, VA 22301.

Sincerely,

Carmen R. Pomares

Carmen R. Pomares
Senior Attorney
Asset Forfeiture Section

Enclosure

Cc: United States Attorney's Office
District of Rhode Island

JEB

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete ...ed.
- ... reverse ...u.
- 05-456796-006 ...mailpiece, or on the front if space permits.

1. Article Addressed to:

United States Attorney's Office
DISTRICT OF RHODE ISLAND
Attn.: Chief, Civil Division
The Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

Asset I.D. 05-DEA-456796, 456799 (CH)

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature X Max La Paz ☐ Agent ☐ Addressee

B. Received by (Printed Name) MAX LA PAZ  C. Date of Delivery 2/17

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered [redacted]
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from s... 7004 1350 0004 0706 4616

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

7004 1350 0004 0706 4616

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Reciept Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To
Street, Apt. No.; or PO Box No.
City, State, ZIP+4

PS Form 3800, June 2002 See Reverse for Instructions

JEB

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete ...ed.
- ... reverse ...u.
- 05-456796-007 ...mailpiece, or on the front if space permits.

1. Article Addressed to:

Asset I.D. 05-DEA-456796; 456799 (CH)

William J. Murphy
Attorney at Law
127 Dorrance Street, 2nd Floor
Providence, RI 02903

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature X ☐ Agent ☒ Addressee

B. Received by (Printed Name)  C. Date of Delivery 2/17

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered [redacted]
☐ Insured Mail ☐ C.O.D.

Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from ... 7004 1350 0004 0706 4623

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

7004 13... 0004 0706 4623

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Reciept Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To
Street, Apt. No.; or PO Box No.
City, State, ZIP+4

PS Form 3800, June 2002 See Reverse for Instructions

**U. S. Depar[redacted]t of Justice**
Drug Enforcement Administration

**Asset ID:** 05-DEA-456796 **Case #:** CH-05-0006
**Asset Description:** Assorted Jewelry
**Serial Number:**
**Seizure Date:** 09/08/05 **Seizure Value:** $39976.00
**Seizure Place:** Providence, RI
**Owner Name:** Rafael Santos
**Seized From:** Rafael Santos
**Judicial District:** District of Rhode Island

## DECLARATION OF FORFEITURE

The above-described property has been seized by agents of the **DRUG ENFORCEMENT ADMINISTRATION** pursuant to 21 U.S.C. Section 881. Notice of the seizure has been sent to all known parties who may have a legal or possessory interest in the property. Also, in accordance with 19 U.S.C. Section 1607, notice of the seizure has been published and no claim has been filed for the property within 30 days from the date of last publication of the advertisement. On this date, I have examined this matter, and found that there was sufficient information to support the forfeiture of this property. **THEREFORE**, it is hereby declared that such property is forfeited to the United States pursuant to 19 U.S.C. Section 1609.

Carmen R. Pomares, Senior Attorney
Asset Forfeiture Section

February 24, 2006
Date

Exhibit 9

M. COATES 3/13/06

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: 456796
456799 (CH)

RAYMOND MANSOLILLO
ATTORNEY AT LAW
127 DORRANCE STREET - 2ND FL.
PROVIDENCE, RI 02903

05-456796-008

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature] ☑ Agent ☐ Addressee

B. Received by (Printed Name) LAPROCINA, EBONY
C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
X Certified Mail ☐ Express Mail
☐ Registered [redacted]
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label) 7000 1670 0008 0879 8306

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

OFFICIAL USE

7000 1670 0008 0879 8306

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

M. Coates 3-13-06

Sent To

Street, Apt. No.; or PO Box No.

City, State, ZIP+4

PS Form 3800, May 2000 See Reverse for Instructions

**U. S. Department of Justice**
Drug Enforcement Administration

*www.dea.gov*

MAR - 8 2006

Raymond Mansolillo
Attorney at Law
127 Dorrance Street – 2nd Floor
Providence, RI 02903

RE: DEA Case No.: CH-05-0006

Asset ID No.: 05-DEA-456796
Property: Assorted Jewelry
(Value: $39,967.00)

Asset ID No.: 05-DEA-456799
Property: 1997 Mercedes Benz E300D
(VIN: WDBJF20F1VA373129)

Client: Rafael Santos

Dear Mr. Mansolillo:

I am writing in response to your correspondence dated February 24, 2006. I have conducted a thorough review of both files listed above.

The Drug Enforcement Administration's (DEA) file relating to Asset ID No.: 05-DEA-456799 reflects that on October 20, 2005, a Notice of Seizure letter was sent to Rafael Santos, Prisoner ID No. NONE, Donald W. Wyatt Detention Center, 950 High Street, Central Falls, RI 02863. The United States Postal Service (USPS) return receipt card was returned to DEA and indicated the letter was delivered on October 24, 2005. On October 20, 2005, DEA sent a Notice of Seizure letter to Rafael Santos, c/o William Murphy, 127 Dorrance Street, Providence, RI 02903. The USPS return receipt card reflects that this letter was delivered on October 24, 2005. In addition, DEA sent a Notice of Seizure letter to Rafael Santos, 134 Wallace Street, Providence, RI 02909-3512. An individual signed the return receipt card and the USPS returned the card to DEA on November 7, 2005. Finally, according to law, DEA caused notice of its intent to forfeit this asset to be published in *The Wall Street Journal*, once a week, for three consecutive weeks.

This file reflects that DEA received correspondence from Rafael Santos, through his attorney William J. Murphy, Murphy & Fay, L.L.P., 127 Dorrance Street, Providence, RI 02903, dated November 17, 2005. This correspondence was treated as a defective claim and on November 30, 2005, DEA sent correspondence to Rafael Santos, through his attorney, William J. Murphy,

Exhibit 10

indicating that the claim was defective because it was not signed under oath and subject to the penalty of perjury. This correspondence from DEA provided Rafael Santos an additional twenty (20) days to correct the defect.

On December 22, 2005, DEA received the following correspondence:

A one (1) page, letter dated December 19, 2005, signed by William J. Murphy indicating that a "fully executed Forfeiture/Seizure Contest on behalf of Rafael Santos" was enclosed. The letter was captioned with the DEA Case No.: CH-05-00036; DEA Asset ID No.: 05-DEA-456796; and a property description of Assorted Jewelry.

A two (2) page correspondence dated December 9, 2005, and titled Forfeiture/Seizure Contest. This document referenced the DEA Case No.: CH-05-00036; DEA Asset ID No.: 05-DEA-456799, and listed the property as a 1997 Mercedes Benz E300D. This correspondence contained a statement of interest by Rafael Santos, a declaration under the penalty of perjury and was signed by Rafael Santos. This document was treated, by DEA, as a valid claim submitted by Rafael Santos.

A copy of DEA's November 30, 2005, letter indicating the prior defect. The final documents were copies of the November 17, 2005, correspondence submitted by Rafael Santos and a copy of DEA's October 20, 2005, Notice of Seizure letter corresponding to DEA Asset ID No. 05-DEA-456799, the property was identified as the 1997 Mercedes Benz E300D.

On January 17, 2006, DEA referred the valid claim, for Asset ID No.: 05-DEA-456799, the 1997 Mercedes Benz E300D, to the United States Attorneys Office for the District of Rhode Island. DEA also notified Rafael Santos, through William J. Murphy, Attorney at Law, of this referral by letter dated January 17, 2006.

The DEA file corresponding to DEA Asset ID No.: 05-DEA-456796 reflects that on October 20, 2005, a Notice of Seizure letter was sent to Rafael Santos, Prisoner ID No. NONE, Donald W. Wyatt Detention Center, 950 High Street, Central Falls, RI 02863. The United States Postal Service (USPS) return receipt card was returned to DEA and indicated the letter was delivered on October 24, 2005. On October 20, 2005, DEA sent a Notice of Seizure letter to Rafael Santos, c/o William Murphy, 127 Dorrance Street, Providence, RI 02903. The USPS return receipt card reflects that this letter was delivered on October 24, 2005. In addition, DEA sent a Notice of Seizure letter to Rafael Santos, 134 Wallace Street, Providence, RI 02909-3512. An individual signed the return receipt card and the USPS returned the card to DEA on November 7, 2005. Finally, according to law DEA caused notice of its intent to forfeit this asset to be published in *The Wall Street Journal*, once a week, for three consecutive weeks.

This file reflects that DEA received correspondence from Rafael Santos, through his attorney William J. Murphy, dated November 17, 2005. This correspondence was treated as a defective claim and on November 30, 2005, DEA sent correspondence to Rafael Santos, through his attorney, William J. Murphy, indicating that the claim was defective because it was not signed under oath and subject to the penalty of perjury. This correspondence from DEA provided Rafael Santos an additional twenty (20) days to correct the defect.

The only correspondence DEA received regarding DEA Asset ID No.: 05-DEA-456796, was a one (1) page letter dated December 19, 2005, signed by William J. Murphy, Attorney at Law, indicating that a "fully executed Forfeiture/Seizure Contest on behalf of Rafael Santos" was enclosed. The correspondence failed to contain any "fully executed Forfeiture/Seizure Contest on behalf of Rafael Santos." A claim must be filed no later than the deadline identified in the personal notice letter, or if that letter is not received, no later than 30 days after the date of final publication of the date of the seizure. 18 United States Code (U.S.C.) § 983 (a) (2) (B). A claim is not deem filed until received in this office. See Sandoval v. United States, No. 00-CIV 1259-AGS, 2001 WL 300729 (S.D.N.Y. Mar. 28, 2001); Pruitt v. United States, No. 91-15411, 1992 U.S. App. LEXIS 4000, at 7-8 (9th Cir. Feb. 28, 1992); United States v One GMC Yukon Denali, CV 03-6890 LGB (C.D. Cal. Dec. 4, 2003). In addition, as indicted in the Notice of Seizure, "[s]ubmissions by facsimile or other electronic means will not be accepted."

Further, a claim that is not signed subject to the penalty of perjury is not a valid claim. See Manjarez v. United States, 2002 WL 31870533 (N.D. Ill. 2002) (claim filed by claimant's attorney, instead of by claimant personally, is not "under oath" as the statute requires, and therefore is not a valid claim). The correspondence did not contain a "fully executed Forfeiture/Seizure Contest on behalf of Rafael Santos" and therefore was not accepted as a claim.

Your assertion that "a claim need not be made in any particular form" is correct as far as it is applied to the use of language. The statute, however, is clear: 18 U.S.C. 983 (a) (2) (C) states: A claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to the penalty of perjury. Courts have strictly enforced this provision. See United States v. BCCI Holdings (Luxembourg) S.A. (Fifth Round Petition of Liquidation Comm'n for BCCI (Overseas) Macau), 980 F. Supp. 1 (D.D.C. 1997) (petition that is not signed under penalty of perjury and fails to identify asset in which claimant is asserting an interest and nature of that interest does not comply with section 1963 (l) (3)); United States v. BCCI Holdings (Luxembourg) S.A. (Petition of BCCI Campaign Committee), 980 F. Supp. 16 (D.D.C. 1997) (petition dismissed because not signed under penalty of perjury). Note: 18 U.S.C. § 1963 (l) (3) is the RICO counterpart to 21 U.S.C. § 853 (n) (3). See also United States v. Thompson, 351 F. Supp. 2d 692 (E.D. Mich. 2005) (the claim need not be filed in a particular form, but it must be made under oath and must clearly articulate the claimant's interest in the property). DEA has not received any correspondence on behalf of Rafael Santos, regarding DEA Asset ID No.: 05-DEA-456796, which qualifies as a valid claim pursuant to the statue.

As indicated in DEA's February 13, 2006, correspondence, Rafael Santos may submit a Petition for Remission or Mitigation of Forfeiture ("petition"). For your reference, a petition is a statement of the facts and circumstances that your client believes justify the return of the property or the return of his interest in the property. The petition process does not involve a hearing, and DEA's decision is rendered entirely based on the documentary submissions in support of the petition. Please note that the petition **must be sworn to under penalty of perjury**. Acceptable language required by statute is as follows:

> I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.
>
> Executed on (date).
>
> (Signature)

As a matter of discretion, your client was granted **thirty (30) days** from the date of receipt of DEA's February 13, 2006, letter (delivered by USPS on February 17, 2006), to submit a petition and provide any additional documentary evidence showing the seized property was not used or acquired illegally, or that it was so used or acquired without your client's knowledge or consent. I will extend the time to file a petition to twenty (20) days from your receipt of this correspondence. For additional information regarding the administrative forfeiture process and petitions for remission or mitigation, your attention is directed to the notice of seizure letter previously sent to you as well as Title 21 C.F.R. §§ 1316.17-1316.81 and 28 C.F.R. Part 9. If the corrections are not made, DEA may treat the documents as nugatory, and the case shall proceed as though the documents had not been tendered. See 21 C.F.R § 1316.76.

Further correspondence with this office must include the Case and Asset I.D. numbers referenced above and should be addressed to the Forfeiture Counsel, Office of Operations Management, Asset Forfeiture Section (OMA), Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, VA 22134-1475. Correspondence sent via private delivery (i.e. Federal Express) must be sent to DEA, Office of Operations Management (OMA), 2401 Jefferson Davis Highway, Alexandria, VA 22301.

Sincerely,

John Hieronymus
Forfeiture Counsel

M. COATES 3/13/06

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: 456796 (CH)
456799

RAYMOND MANSOLILLO
ATTORNEY AT LAW
127 DORRANCE STREET.- 2ND FL.
PROVIDENCE. RI 02903

05-456796-008

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature] ☑ Agent ☐ Addressee

B. Received by (Printed Name) LAPROCINA EBONY
C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
XX Certified Mail ☐ Express Mail
☐ Registered [redacted]
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label) 7000 1670 0008 0879 8306

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

7000 1670 0008 0879 8306

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

M. Coates 3-13-06

Sent To

Street, Apt. No.; or PO Box No.

City, State, ZIP+4

PS Form 3800, May 2000 See Reverse for Instructions

MURPHY & FAY, L.L.P.
ATTORNEYS AT LAW

William J. Murphy
Mark A. Fay

Norman L. Landroche, Jr.
Steven H. Crawford

127 Dorrance Street
2nd Floor
Providence, Rhode Island 02903
Telephone 401-490-3200
Facsimile 401-490-3207

to D. Silva to process as pet CAprno? 4-7-06

April 4, 2006

Drug Enforcement Administration
Office of Chief Counsel
700 Army Navy Drive
Arlington, VA 22202

**PETITION FOR REMISSION OR MITIGATION OF FORFEITURE ("PETITION")**

| | |
|---|---|
| PETITIONER: | RAFAEL SANTOS<br>Donald W. Wyatt Detention Facility<br>950 High Street<br>Central Falls, RI 02863<br>SSN: |
| SEIZING AGENCY: | U.S. Drug Enforcement Administration |
| ASSET IDENTIFIER NO.: | 05-DEA-456796 |
| DATE OF SEIZURE: | September 8, 2005 |
| PLACE OF SEIZURE: | Providence, Rhode Island |
| DESCRIPTION: | Assorted Jewelry (Value: $39,967.00) |
| PETITIONER'S INTEREST: | Owner |

**FACTUAL RECITATION**

"On April 6, 2005, at approximately 6:35 p.m., Special Agent Keith Leighton of the Drug Enforcement Administration (DEA) supervised a controlled purchase of heroin from defendant Rafael Santos by a cooperating source (CS). The CS was provided with a DEA undercover vehicle (UC vehicle) equipped with a video and audio recording device. The CS was then given $7,000.00 in official authorized funds (OAF) to purchase 100 grams of heroin.

Exhibit 11

The CS was followed to 993 Broad Street, Providence, RI. This is the location of SANTOS's business, "Seleccion Hair Salon".[1] SANTOS had been previously surveilled at this location and he previously met the CS at this location. At approximately 7:00 p.m., the UC vehicle arrived at the Seleccion Hair Salon. At this time, agents observed the CS speaking to SANTOS through the passenger side window, and then observed them meet inside the UC vehicle. After meeting briefly, SANTOS returned to the salon, only to emerge again about fifty minutes later. SANTOS then spoke with the CS again, and then entered his gold Mercedes, Rhode Island registration X696, which was parked next to the UC vehicle. This Mercedes is registered to Santos at his Providence, Rhode Island address. The CS then left the area, followed by SA Leighton. The CS stated that SANTOS gave the CS the heroin just before he left the salon. The substance was submitted to the DEA Northeast Regional Laboratory. Toxicology report indicated that the substance tested positive for the presence of heroin and had a net weight of 98.6 grams.

On September 8, 2005, at approximately 11:25 a.m., the CS contacted SANTOS at his cellular telephone number (401) 255-6169. this call was recorded by the DEA with the knowledge and consent of the CS. During this conversation, the CS confirmed with SANTOS that SANTOS had 100 grams of heroin. The CS at this time told SANTOS that the CS would prefer to carry out the transaction outside of SANTOS' salon, as was the case previously. SANTOS agreed. SANTOS asked the CS if the CS had the money. The CS responded in the affirmative. SANTOS then stated that he would be at his salon in twenty minutes.

Following the above-described call between the CS and SANTOS, the CS was provided the UC vehicle that was equipped with video and audio recording devices. The CS was then followed by agents from the Providence Resident Office to SANTOS' hair salon in Providence, Rhode Island. At 12:12 p.m., DEA surveillance observed SANTOS arrive at the hair salon in his gold Mercedes and park next to the UC vehicle. The CS exited the vehicle and greeted SANTOS through the passenger side window of SANTOS' vehicle. Surveillance then observed SANTOS enter the UC vehicle. SANTOS was inside the UC vehicle for a number of minutes. SANTOS told the CS that he was still waiting for the material and that it would be coming soon.

[1] SANTOS previously told the CS that he owns Seleccion Hair Salon. Following SANTOS' arrest on September 8, 2005, SANTOS told DEA Agents that he was the owner of the hair salon as well as the building in which the hair salon was located.

SANTOS also told the CS that the material was in SANTOS' residence and that someone was bringing it over. At approximately 12:30 p.m., DEA surveillance observed SANTOS walk on Sumter Street towards the back of the hair salon. There, surveillance observed SANTOS meeting with a younger looking, dark-skinned, skinny, Hispanic male wearing a white shirt. This individual was later identified as Ismael GOMEZ, alias Jorge Marquez ("GOMEZ"). DEA surveillance observed a tin-foil wrapped package being passed from GOMEZ to SANTOS. Surveillance put out a description of the individual meeting SANTOS. SANTOS was then seen returning to the UC vehicle, while GOMEZ was waiting behind the salon. Surveillance observed SANTOS enter the UC vehicle moments later. The video recording obtained during this transaction shows SANTOS removing a package wrapped in shiny tinfoil from is pant pocket. The CS told SANTOS that the CS had to retrieve the money from the trunk and exited the UC vehicle. SANTOS exited the UC vehicle as well and was observed standing next to the UC vehicle. The CS then gave an arrest signal to the surveillance team.

Thereafter, DEA agents moved into the area. SANTOS was observed running south on Broad Street. SANTOS was apprehended by DEA agents and taken into custody. DEA agents also observed ISMAEL GOMEZ running down Sumter Street. GOMEZ was apprehended a couple of blocks away.

At the same time that the DEA pursued SANTOS and GOMEZ, DEA agents and Providence Police Officers met with the CS. The CS subsequently turned over a tinfoil package containing suspected heroin. The item was submitted to the DEA Northeast Regional laboratory and came back with a net weight of 99 grams of heroin."

The aforementioned comes directly from the "Prosecution Version" of Mr. Santos' Pre-Sentence Report, (See Attached) which has been agreed to and plead to with the exception of the informant stating, "Santos also told the CS that the material was in Santos' residence and that someone was bringing it over." This was a half truth by a questionable informant with a severe alcohol problem. The only part that was true was, 'That someone was bringing it over." This was confirmed by DEA surveillance who observed Ismael Gomez meet with Mr. Santos. Gomez did not come from Santos' residence on September 8, 2005. Nor did anyone come from Santos' residence to deliver heroin on April 6th.

Mr. Santos affirms that he had placed calls to order the heroin as an intermediary at the continued insistence of the CS who had previously worked with Mr. Santos at a factory approximately six (6) years ago, at which they were acquaintances. Mr. Santos had not had contact with the CS for some six (6) years while he was in and out of jail for domestic violence, assault with a deadly weapon and alcohol related problems. Furthermore, DEA conducted a warrantless search, although they claim they received consent, Mr. Santos never gave them consent nor could he understand what they said, if anything. Mr. Santos does not speak English nor did any of the agents who conducted the search at 134 Wallace Street, Providence, RI (the location where the jewelry was found, 05-DEA-456796). In addition, no evidence of any heroin distribution was present.

Mr. Santos has lived in this country for fourteen (14) years without a single infraction of the law committed by him or his family. His Pre-Sentence Report, prepared by U.S. Probation confirms his work history as far back as Mr. Santos can remember. It also reflects his financial background. For the past four (4) years, since 2002, Mr. Santos was the owner of a successful hair salon in Providence with a half dozen employees. Prior to that, he had worked several jobs, sometimes two to three (2-3) different jobs at a time. Mr. Santos supports four (4) young sons as a single father and has worked diligently and legitimately since his arrival in this Country as a teenager. He has accepted responsibility for his transgression and poor judgment. Mr. Santos, in his letter to Judge William Smith, stated that his only reason to get the heroin was because he thought he was helping an old friend (the CS) who asked him for a favor. Mr. Santos acted only as an intermediary in obtaining the heroin for the CS. Note: S/A Keith Leightons Affidavit refers to a conversation between the CS and Mr. Santos and indicates that Santos told the CS to go get it from a third (3rd) person. The CS refused and insisted that Santos get it for him, dragging Santos into the transaction.

The jewelry in question in this matter was amassed over fourteen (14) years since Mr. Santos entered the United States. It was not purchased with drug proceeds of any kind nor was that mentioned by any DEA agent or task force officer assigned to this investigation. There is no indication by any government entity, DEA, U.S. Attorney's Office or U.S. Probation that Santos' financial circumstances were laden full of drug proceeds, purchases, or the like. In fact, the opposite is true. U.S. Probation has conducted a financial background inquiry and there is no evidence to support the theory that Santos lived beyond his financial means.

What transpired in this case was an informant with a questionable background who targeted Mr. Santos under some assertion that he was a major heroin trafficker.

Those assertions by the informant, and subsequent investigation, reveal they were wrong. In fact, a subsequent investigation by the government as well as his attorney's office, Murphy & Fay, reveals that all of his property was mortgaged and re-mortgaged. In fact, the salon property that was forfeited by Mr. Santos (993 Broad Street, Providence, Rhode Island) in his Plea Agreement has so little equity that it is unlikely that the government will pursue the property due to outstanding mortgages.

Respectfully submitted,

Raymond A. Mansolillo

RAM/dmr

I, Rafael Santos, declare under penalties of perjury that the aforementioned is true and correct.

Rafael E. Santos.
RAFAEL SANTOS

Date: 4/4/06

**U. S. Department of Justice**
Drug Enforcement Administration
Asset Forfeiture Section, OMA
Office of Operations Management

APR 1 1 2006

**CERTIFIED MAIL-RETURN RECEIPT REQUESTED**

Rafael Santos
c/o Raymond Mansolillo
Murphy & Fay, L.L.P.
Attorney at Law
127 Dorrance Street, Second Floor
Providence, Rhode Island 02903

| ASSET ID NUMBER | CASE NUMBER | PROPERTY DESCRIPTION |
|---|---|---|
| 05-DEA-456796 | CH-05-0006 | Assorted Jewelry |
| JUDICIAL DISTRICT: | | |

Dear Petitioner:

Your Petition for Remission and/or Mitigation of forfeiture or Petition for Reconsideration for the above-referenced seizure has been received by this office. The following information is provided:

_x_ Your Petition for Remission and/or Mitigation will be ruled on administratively by this office. Before any decision can be made, your petition must be reviewed and an investigation may be required.

___ This seizure was referred to the United States Attorney for the above-noted judicial district for judicial forfeiture proceedings. Therefore, your petition was forwarded to that office for handling. We request that all further inquiries concerning this seizure be directed to the United States Attorney's office in the above-noted judicial district.

___ Your Petition for Reconsideration will be ruled on administratively by this office. Before any decision can be made, your petition must be reviewed and an investigation may be required.

Exhibit 12

____ Your Petition for Remission or Reconsideration which you submitted in the above-referenced matter is still under consideration. Unfortunately, complications in the investigation of the facts surrounding the seizure has resulted in a delay in deciding this matter. If you have any additional information/documentation to support your petition, you must submit it within **20 days from receipt of this letter**. Otherwise, the decision on your petition will be made on your previous submission.

____ Your petition is **untimely** and cannot be considered because it was received after the Government disposed of the property following its forfeiture. You were informed in the notice of seizure that, to assure its consideration, any petition should be filed within **30** days of receipt of the notice. Further, under 21 C.F.R., Section 1316.80(a), once disposal of the forfeited property occurs, by placing it into official use or by selling it, a petition for remission and/or mitigation can no longer be accepted. Therefore, your petition is being returned. This matter is now **closed** in this office.

All correspondence must reference the DEA asset identifier and case numbers noted above and be addressed to the Forfeiture Counsel, Asset Forfeiture Section, Drug Enforcement Administration, HQs Forfeiture Response, P. O. Box 1475, Quantico, Virginia 22134-1475.

Sincerely,

Asset Forfeiture Section
Office of Operations Management

Enclosure

M. COATES 4/12/06

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: 456796(CH)

RAFAEL SANTOS
C/O RAYMOND MANSOLILLO
MURPHY & FAY, L.L.P.
ATTORNEY AT LAW
127 DORRANCE STREET, SECOND FLOOR
PROVIDENCE, RHOD ISLAND 02903

05-456796-009

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery 4/17

D. Is delivery address different from item 1? ☑ Yes ☐ No
If YES, enter delivery address below:

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered [redacted]
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label) 7000 1670 0008 0879 7576

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

7000 1670 0008 0879 7576

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

M. Coates 4-12-06

*Sent To*

*Street, Apt. No.; or PO Box No.*

*City, State, ZIP+4*

PS Form 3800, May 2000 See Reverse for Instructions

**U. S. Department of Justice**
Drug Enforcement Administration

www.dea.gov

JUL 3 0 2006

COPY

**CERTIFIED MAIL – RETURN RECEIPT REQUESTED**

Raymond A. Mansolillo
Attorney at Law
Murphy & Fay, L.L.P.
127 Dorrance Street, 2nd Floor
Providence, RI 02903

Denial

| | | |
|---|---|---|
| Re: | DEA Case No.: | CH-05-0006 |
| | Asset ID No.: | 05-DEA-456796 |
| | Property: | Misc. Assorted Jewelry (Value: $39,976.00) |
| | Petitioner: | Rafael Santos |

Dear Mr. Mansolillo:

I am writing to you in response to the petition for remission or mitigation regarding the above-referenced property submitted on behalf of Rafael Santos (hereafter the petitioner).

The remission or mitigation of a forfeiture is neither a right nor a privilege, but an act of grace. In re the Matter of Sixty Seven Thousand Four Hundred Seventy Dollars ($67,467.00) v. United States, 901 F.2d 1540, 1543 (11th Cir. 1990); Laconia Savings Bank v. United States of America, 116 F. Supp. 2d 248 (2000). A Petition for Remission and Mitigation "does not serve to contest the forfeiture, but rather is a request for executive pardon of the property based upon the petitioner's innocence or, for a wrongdoer, on a plea of leniency." United States v. Vega, 72 F.3d 507, 514 (7th Cir. 1995), cert. denied sub nom. Early v. United States, 116 S. Ct. 2529 (1996). See also United States v. Wong, 62 F.3d 1212, 1214 (9th Cir. 1995); United States v. Ruth, 65 F.3d 599, 604 n.2 (7th Cir. 1995), cert. denied, 517 U.S. 1158; 116 S. Ct. 1548; 517 U.S. 1158 (1996). A decision with respect to remission or mitigation of a forfeiture is made solely at the discretion of the Attorney General. See United States Code (U.S.C.) 21 U.S.C. § 881 (d) (2006); 19 U.S.C. § 1618 (2006).

The Attorney General and the Administrator of the Drug Enforcement Administration (DEA) have delegated the authority to determine the merits of such petitions to this office. 28 Code of Federal Regulations (C.F.R.) §§ 0.100 (b), 0.104; 28 C.F.R. §9.1 (b). This office's decision on your petition is not subject to judicial review on its merits. See: United States v. One 1987 Jeep Wrangler Automobile, 972 F.2d 472, 479 (2d Cir. 1992) ("[T]he overwhelming weight of authority supports the position that a federal court lacks jurisdiction to review the merits of administrative

Exhibit 13

forfeiture decisions once the administrative process has begun.") United States v. Hewett, (S.D.N.Y. 2003) 2003 U.S. Dist. LEXIS 9812; Walker v. DEA, (S.D.N.Y. 2003) 2003 U.S. Dist. LEXIS 14958. Once the administrative process has begun, a federal district court generally does not have subject matter jurisdiction to review the merits of an administrative forfeiture decision. Dawson v. The Drug Enforcement Administration, 927 F. Supp. 748 (1996); Valderrama v. United States, 417 F.3d 1189 (11th Cir. 2005); United States v. Moore, 2005 WL 1155863 (E.D. La. 2005).

The petitioner has the burden of establishing the basis for granting a petition for remission or mitigation of forfeited property. See Regulations Governing the Remission or Mitigation of Civil and Criminal Forfeiture, 28 C.F.R. § 9.5 (a) (3). See 19 U.S.C. § 1618 (The Attorney General may return the property if he finds mitigating circumstances to justify the remission.) As the Ruling Official, I did not consider whether the evidence was sufficient for forfeiture, but presumed a valid forfeiture. 28 C.F.R. § 9.5 (a) (4). See Juncaj v. United States, 894 F.Supp. 318, 320 (E. D. Mich. 1995); Reinoso v. Drug Enforcement Administration, No. 93-CIV-1516 (KTD), 1994 U.S. Dist. LEXIS 18054. Federal regulations explicitly prohibit remission of a forfeiture unless the petitioner establishes the following:

1. A valid, good faith, and legally cognizable interest in the seized property as an owner or lienholder; and

2. Qualification as an "innocent owner" within the meaning of the applicable civil forfeiture statute.

During 2004 and 2005, law enforcement agents were investigating illegal drug trafficking in the Providence, Rhode Island area. During that time, the petitioner sold over 200 grams of heroin to a confidential source working with law enforcement. On September 8, 2005, law enforcement agents arrested the petitioner and subsequent to that arrest, consent was obtained from the petitioner to search his residence, located at 134 Wallace Street, Providence, Rhode Island. During the course of the search of the petitioners residence the above-describe asset was discovered.

The investigation revealed that there was probable cause to believe that the forfeited jewelry was purchased with proceeds from illegal drug trafficking. Proceeds are property that would not have been obtained or retained but for the criminal offense and that property is subject to forfeiture. Kadonsky v. United States, 216 F.3d 499; (2000); cert. denied 531 U.S. 1176, 148 L. Ed. 2d 1013, 121 S. Ct. 1151 (2001); United States v. One 1987 Mercedes 560 SEL, 919 F.2d 327 (5th Cir. 1990). See also United States v. Horak, 833 F. 2d 1235 (7th Cir. 1987).

On April 7, 2006, DEA received the petitioner's petition for remission or mitigation. The petitioner produced a factual recitation that is substantially accurate, as it regards the petitioner's trafficking in heroin. The petitioner then alleges that, although he has lived in this country for fourteen (14) years, raised four (4) children, started and grew a business, that the petitioner was, some how, dragged into selling heroin. The petitioner also alleges that the forfeited jewelry was "amassed over fourteen (14) years since [the petitioner] entered the United States." However, the petitioner failed to provide any independently verifiable evidence to support his allegation.

Pursuant to 28 C.F.R. § 9.3 (c) (iv), the interest of a petitioner in the property, as owner or otherwise, must be supported by satisfactory documentary evidence, for example, employment records, financial statements, bank statements, tax records or cancelled checks. The investigation

reveals probable cause to believe that illicit, drug-related funds were used to purchase the forfeited property. Once probable cause to forfeit the property is shown, the burden of proof shifts to the petitioner to prove by a preponderance of the evidence that the funds used to purchase the forfeited property came from an independent, non-drug-related source. United States v. $ 7,300 in U.S. Currency, 2003 U.S. Dist. LEXIS 10968 (S.D.N.Y June 26, 2003); United States v. One 1986 Nissan Maxima GL, 895 F.2d 1063 (5th Cir. 1990); United States v. $250,000 In U.S. Currency, 808 F.2d 895 (1st Cir. 1987). The petitioner has failed to carry this burden.

For the reasons discussed above, the petition failed to meet the requirements for remission or mitigation. 28 C.F.R. Part 9. The petition is therefore denied.

Although the petition does not meet the minimum conditions for remission, as a matter of discretion, I re-examined the petition to determine whether extenuating circumstances exist that warrant mitigation of the forfeiture. 28 C.F.R. § 9.5 (b). The petitioner has failed to adequately demonstrate that any mitigating factors exist to justify any relief from the forfeiture. Further, I reviewed the facts of this case to determine if the forfeiture would be in violation of the U.S. Constitution's Eighth Amendment prohibition against excessive punishments, as discussed in Austin v. United States, 113 S. Ct. 2801 (1993). Please be advised that I determined that the administrative forfeiture was entirely proportional to the offense, considering the substantial connection between the forfeited property and the offense. In addition, the correct forum in which to challenge the constitutionality of the forfeiture is Federal District Court. Since the petitioner failed to contest this forfeiture judicially, this option is no longer open to him. United States v. Giraldo, 45 F.3d 509 (1st Cir. 1995); Caraballo V. Drug Enforcement Administration, 62 Fed. Appx. 362, 363 (2003).

The petitioner may request reconsideration of this decision. 28 C.F.R. § 9.3 (j). Only one request for reconsideration shall be considered. Any request for reconsideration must be based on information or evidence not previously considered. This new information or evidence must be material to the basis for this denial or must present a basis clearly demonstrating that the denial is erroneous. Requests must be postmarked or received by this office within 10 days of your receipt of this letter.

Further correspondence with this office must include the DEA Case and Asset ID numbers referenced above and be addressed to the Forfeiture Counsel, Asset Forfeiture Section, Drug Enforcement Administration, HQs Response, P.O. Box 1475, Quantico, Virginia 22134-1475. Correspondence sent via private delivery must be sent to Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, Virginia 22301.

Sincerely,

Carmen R. Pomares

Carmen R. Pomares
Senior Attorney
Asset Forfeiture Section

W WRIGHT 8/4/06 CP TN

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: #05-456796 (CH)

Raymond A. Mansolillo
Attorney at Law
Murphy & fay, L.L.P
127 Dorrance Street, 2nd Floor
Providence, RI 02903

05-456796-010

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by (Printed Name) C. Date of Delivery 8/11

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☒ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label) 7005 0390 0000 9045 8075

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

**OFFICIAL USE**

7005 0390 0000 9045 8075

W. WRIGHT

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

#05-456796 (CH)

8/4/06

Sent To

Street, Apt. No.; or PO Box No.

City, State, ZIP+4

PS Form 3800, June 2002 See Reverse for Instructions

MURPHY & FAY, L.L.P.
ATTORNEYS AT LAW

William J. Murphy
Mark A. Fay

Norman L. Landroche, Jr.
Steven H. Crawford

127 Dorrance Street
2nd Floor
Providence, Rhode Island 02903
Telephone 401-490-3200
Facsimile 401-490-3207

August 15, 2006

Drug Enforcement Administration
Forfeiture Counsel
Asset Forfeiture Section, OMA
HQ Forfeiture Response
PO Box 1475
Quantico, VA 22134-1475

06 AUG 18 PM12:09

RE: DEA Case No.: CH-05-0006
Asset ID No.: 05-DEA-456796
Property: Misc. Assorted Jewelry (Value: $39,976.00)
Petitioner: Rafael Santos

**Request for Reconsideration**

This office on behalf of our client, Mr. Rafael Santos, requests reconsideration from Ruling Official Carmen Pomares pertaining to denial of petition for remission or mitigation dated July 30, 2006, post dated August 8, 2006 (see attached envelope with U.S.P.O date stamp).

We object to the following and request a De Novo review from an objective ruling official not involved in any of the past correspondence.

The decision did not specify clearly the reason petition was denied pursuant to Title 28 Sec. 9.3 (I).

The Ruling Official made no mention of the agency investigation (28 Sec. 9.3 (F)) and failed to rule on the merits of the petition (28 Sec. 9.3 (G)).

(It should be noted that our client is available for an interview regarding the matter. Also, note we are entitled to see the agency investigation report which should have been submitted to the Ruling Official for review and consideration in deciding on the petition).

Exhibit 14

Pursuant to Title 28 Sec. 9.3 (2) and in accord with the intent and language of the aforementioned law we ask that the original petition itself be decided by someone other than Ms. Carmen Pomares. Based on Ms. Pomares' stance with this office, preceding the original petition, we feel she cannot be fair and objective.

In the alternative and pursuant to Title 28 Sec. 9.5 (b) mitigation we ask that the new Ruling Official grant mitigation to a party not involved in the commission of the offense underlying forfeiture. Namely Yonathan Santos (Defendant's son) and his three minor brothers. There is ample evidence, even that suggested by the Court, during Mr. Sanchez's defense that his actions have caused extreme hardship to his 18 year old son Yonathan and his three minor sons all of whom lived and were raised solely by the Defendant Rafael Santos while their estranged mother lived in another country. None of the children were involved with the father's drug incidents nor were they even aware of it. Pursuant to Tile 28 Sec. 9.5 (b) mitigation (i) specifically makes a mitigation exception for these circumstances "where the petitioner has not met the minimum conditions for remission, but the Ruling Official finds that some relief should be granted to avoid extreme hardship and that the return of property combined with imposition of monetary and/ or other conditions of mitigation in lieu of a complete forfeiture will promote the interest of Justice and will not diminish the deterrent effect of the law."

Please feel free to contact this office at anytime.

Very truly yours,

William J. Murphy

WJM/kll

2005 AUG 18 PM 12:09

U. S. Department of Justice
Drug Enforcement Administration

www.dea.gov Washington, D.C. 20537

SEP 28 2006

**CERTIFIED MAIL – RETURN RECEIPT REQUESTED**

William J. Murphy
Attorney at Law
Murphy & Fay, L.L.P.
127 Dorrance Street, 2nd Floor
Providence, RI 02903

Re: DEA Case No.: CH-05-0006
Asset ID No.: 05-DEA-456796
Property: Misc. Assorted Jewelry
Petitioner: Rafael Santos

Dear Mr. Murphy:

I am writing to you in response to the request for reconsideration regarding the above-referenced property submitted on behalf of Rafael Santos.

As noted in the denial of the petition, the remission or mitigation of a forfeiture is neither a right nor a privilege, but an act of grace. In re the Matter of Sixty Seven Thousand Four Hundred Seventy Dollars ($67,467.00) v. United States; 901 F.2d 1540, 1543 (11th Cir. 1990); Laconia Savings Bank v. United States of America; 116 F. Supp. 2d 248; (2000). A Petition for Remission and Mitigation "does not serve to contest the forfeiture, but rather is a request for executive pardon of the property based upon the petitioner's innocence or, for a wrongdoer, on a plea of leniency." United States v. Vega, 72 F.3d 507, 514 (7th Cir. 1995), cert. denied sub nom. Early v. United States, 116 S. Ct. 2529 (1996). See also United States v. Wong, 62 F.3d 1212, 1214 (9th Cir. 1995); United States v. Ruth, 65 F.3d 599, 604 n.2 (7th Cir. 1995), cert. denied, 517 U.S. 1158; 116 S. Ct. 1548; 517 U.S. 1158 (1996). A decision with respect to remission or mitigation of a forfeiture is made solely at the discretion of the Attorney General. See 21 United States Code (U.S.C.) § 881 (d) (2006); 19 U.S.C. § 1618 (2006).

The Drug Enforcement Administration's (DEA) decision regarding the petition for remission or mitigation is not subject to judicial review. See: United States v. One 1987 Jeep Wrangler Automobile, 972 F.2d 472, 479 (2d Cir. 1992) ("[T]he overwhelming weight of authority supports the position that a federal court lacks jurisdiction to review the merits of administrative forfeiture decisions once the administrative process has begun.") United States v. Hewett, (S.D.N.Y. 2003) 2003 U.S. Dist. LEXIS 9812; Walker v. DEA, (S.D.N.Y. 2003) 2003 U.S. Dist. LEXIS 14958. Once the administrative process has begun, a federal district court generally does not have

Exhibit 15

subject matter jurisdiction to review the merits of an administrative forfeiture decision. Dawson v. The Drug Enforcement Administration, 927 F. Supp. 748 (1996). Furthermore, DEA is barred from considering whether the evidence was sufficient to support the administrative forfeiture of the asset. Accordingly, I presumed a valid forfeiture. See Regulations Governing the Remission or Mitigation of Civil and Criminal Forfeiture 28 Code of Federal Regulations (C.F.R.) § 9.5 (a) (4) (2006). In addition, a request for reconsideration must be based on information or evidence not previously considered. 28 C.F.R. § 9.3 (j). This new information or evidence must be material to the basis for this denial or must present a basis clearly demonstrating that the denial is erroneous.

As part of the reconsideration process, a thorough review of this file was conducted. This review reveals that during 2004 and 2005, law enforcement agents were investigating illegal drug trafficking in the Providence, Rhode Island area. The investigation revealed that the petitioner sold over 200 grams of heroin to a confidential source working with law enforcement. On September 8, 2005, law enforcement agents arrested the petitioner and subsequent to that arrest, consent was obtained from the petitioner to search his residence located at 134 Wallace Street, Providence, Rhode Island. The above-described asset was discovered during the course of the search.

As detailed in the petition for remission or mitigation of forfeiture denial ruling, dated July 30, 2006, there was ample evidence to support the forfeiture of the asset and, contrary to your assertions, the ruling official specifically stated the reasons for the denial of your client's petition for remission or mitigation of forfeiture. Further, the petition for remission or mitigation of forfeiture that was submitted by your client was devoid of any independently verifiable evidence that would support your client's allegation that he used legitimate funds to purchase the forfeited assets. The ruling official did review reports that clearly implicated your client as a drug trafficker.

Finally, as indicated, by the ruling official in the denial of your client's petition for remission or mitigation of forfeiture, a request for reconsideration must be based on information or evidence not previously considered. The request for reconsideration, unsigned and not sworn to by your client, fails to include any new evidence or information. 28 C.F.R. § 9.4 (j ) (1) (ii). For the reasons discussed above, the request for reconsideration failed to meet the requirements for remission. 28 C.F.R. Part 9.

Although the petition did not meet the minimum conditions for remission, as a matter of discretion I also reexamined the petition to determine whether extenuating circumstances exist that warrant mitigation of forfeiture. See 28 C.F.R. § 9.5 (b). Mitigation is warranted in circumstances "where relief should be granted to avoid extreme hardship . . ." Unfortunately, while your office has requested mitigation to a party, not involved in the commission of the offense underlying the forfeiture, pursuant to 28 C.F.R. § 9.5 (b), that party has not asserted an interest in the property, filed a claim or a petition for remission or mitigation of forfeiture with DEA. DEA does not have the authority to return property to an individual who has not asserted any interest in forfeited property. The petitioner's request for reconsideration has failed to establish grounds for relief by mitigation. The request for reconsideration is denied.