**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **RAFAEL SANTOS,** | : | |
| **PETITIONER,** | : | |
| | : | |
| **V.** | : | **C-A. NO. 06-05 LZS** |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| **RESPONDENT.** | : | |
| | : | |

**REPLY TO THE SUPPLEMENTAL MEMORANDUM IN SUPPORT OF GOVERNMENT'S MOTION TO DISMISS**

Now Comes RAFAEL SANTOS Petitioner pro se in the above captioned case and hereby replies to the Government's supplemental memorandum in support of the Government's motion to dismiss. Petitioner hereby reargue that the government's response and supplemental memorandum should not persuade this Honorable District Judge, because once again the Government's allegations are that this Honorable District Court does not have jurisdiction. For the reasons stated below this Honorable Court has jurisdiction and motion should be granted in favor of petitioner.

Petitioner will reargue that the property was forfeit in violation of the due process provided by Constitution. U.S. v. Mosquera, 845 F.2d 1122 (1st. Cir. 1988). District Courts have Jurisdiction over due process challenges to administrative forfeitures.

This Honorable Court, requested government to respond in a supplemental memorandum the following two questions:

(1) Whether the seizure and forfeiture of Santos' jewelry constitutes a punishment and if so, whether that seizure was grossly disproportional to the gravity of the defendant's offense, citing U.S. v. Bajakajian, 524 US 321, 337, 1998, and

(2) any further legal argument it wishes to submit to the adequacy of the notice provide to Santos or his counsel of the administrative forfeiture proceedings for the jewelry.

The Government failed to address properly the Court's order. The District Court order of October 31, 2007, states:

> "Rafael Santos has filed a motion to Return Propery pursuant to Federal Rules of Criminal procedure 41(c). This motion appears to be base on two Constitutional grounds: (1) that Santos received inadequate notice of the initiation of the administrative forfeiture of his jewelry so as to be deprived of his due process rights: and (2) that seizure of Santos jewelry constitutes a punishment that is unreasonably disproportionate to the crime itself so as to violate the Eight Amendment."
> (See Judge's order October 31, 2007)

The government tries to deviate the Court's attention from the Eight Amendment violation clearly argue by petitioner in his claim. The Government enters in contradiction with the statement used to forfeit the property and the statement made now to justify the ilegal forfeiture.

The Government in their supplemental memorandum citing United States v. Baird, 63 F.3d 1213 (1995) states as follow:

> "Applying this reasoning to this case what we have is DEA's seizure of a quantity of jewelry to which no proper claim was filed. Accordingly, there was never a determination that the property belonged to Santos, nor was there a judicial finding that the property constituted proceeds or could be traced to proceeds of drug trafficking. Thus there can be no finding that Santos was punished as a result of a summary seizure."
> (Government's supplement at page 5)

This statement by prosecutor Adi Goldstein demonstrate, that there was a clear violation to petitioner's due process right. Because if is true that, there was no determination that the property belonged to Santos, why then the Agents seize the jewelry in Santos apartment. That by the way demonstrate that Santos did not authorize the search of his apartment, the day of his arrest. The DEA seize the jewelry in violation of the Fourth Amendment of the Constitution, ilegal search of the apartment, accordingly with prosecutor's statements. Second if no judicial findings that property constituted proceeds or could be traced to proceeds of drug trafficking, once again it could not be substract from defendant's apartment without a search warrant.

Furthermore, this statement contradicts in its total the Senior Attorney for the DEA explanation letter, for the reasons of forfeiture. (1) There was probable cause to believe that drug related funds were used to purchase the forfeited property; (2) that the forfeited property was proportional to the offense; and (3) the defendant was not an innocent owner of the property. (See prosecutor ADI Goldstein Response to petitioner's claim page 3 and 4 7/19/07)
also see attachment 2 of said response page 3, submitted by Senior Attorney Carmen R. Pomares.

"I review the facts of this case to determine if the forfeiture would be in violation of the U.S. Constitution's Eight Amendment prohibition against excessive punishments, as discussed in Austin v. U.S., 1135 ct. 2801. Please be advised that I determined that the administrative forfeiture was entirely proportional to the offense, considering the substantial connection between the forfeiture property and the offense. In addition, the correct forum in which to challenge the constitutionality of the forfeiture is Federal District Court." (See Government's attachment 2 to the response of petitioner claim, page 3)

Now it is for this Honorable Court to determine who is telling the truth, ADI Goldstein, stating that there was no finding that the property constituted proceeds or could be traced to proceeds of drugs trafficking or Senior Attorney Carmen Pomares from DEA, stating that she determined that the administrative forfeiture was entirely proportional to the offense, considering substantial connection between the forfeited property and the offense.

Affortunatelly what DEA Senior Attorney advised is what petitioner did. The correct forum in which to challenge the constitutionality of the forfeiture is Federal District Court. The Senior Attorney for the DEA was wrong when she said "since the petitioner failed to contest this forfeiture judicially, this option is no longer open to him." And cites U.S. v. Giraldo, 45 F.3d 509.

Accordingly, with all the above stated, this Honorable District Court has jurisdiction to review the case , and it is clear that there is ample contradiction between prosecutor ADI Goldstein and Senior Attorney for the DEA, been that the case, they let no other option to this Honorable Court to decide if the forfeiture of the jewelry was made in accord with the law.

Then the possibility of the Eight Amendment prohibition, is open again. Because accordingly with this Circuit case law and the law, the forfeiture of a building, a Mercedez Benz car, and $39,976.00 worth in jewelry was totally disproportional to the gravity of the defendant's offense. United States v. Bajakajian, 524 US 321, 337 (1998).

See also Austin v. United States, 509 US 125 LEd 2d 488, where the Supreme Court decided that:

> "The clause of the Eight Amendment prohibiting the imposition of excessive fines applied to a drug related forfeiture of property to the United States under 881(a)(4).
>
> Further stating that:
>
> "forfeiture generally and statutory in rem forfeiture in particular historically have been understood, at least in part, as punishment."

It is petitioner's belief that this Court does have jurisdiction and that the seizure and forfeiture of petitioner's jewelry constitute a punishment, as the DEA Senior Attorney stated in her report and decision held on July 30, 2006, and prosecutor ADI Goldstein sustain in the government's response to petitioner's claim on July 19, 2007 on page 3.

Now the Government who was affored a second bite to the apple, tries to stay away from that assertion made back in July 19, 2007, and states that their were no evidence to connect the jewelry to drug proceeds. She takes a new position.

The government goes then to argue that there was no due process violation because petitioner received proper notice of administrative forfeiture.

Even though that this is not true, because there is not even one piece of evidence that could demonstrate that petitioner was personally advised at prison of the outcome of the proceedings or that he had to make a correct claim for asset, neither the government can show a letter where they advise petitioner that his counsel has failed to comply with this requirements. It is true and clear to this Honorable Judge that at sentencing on April 7, 2006, while at Court, petitioner properly claim and inquired what was going to happen with his jewelry (see sentencing transcripts) as to that the Judge response that petitioner had to argue that with prosecutor and counsel.

Who was the prosecutor at sentence? ADI Goldstein, who is the prosecutor filing this response in opposition to petitioner's claim? ADI Goldstein. Who now states that petitioner did not perfect a claim for his jewelry.

Petitioner has always claim his jewelry. Petitioner has always claimed without being heard that he did not authorized the search of his apartment, and even if he did, there was no reason to seize the jewelry because as prosecutor now concedes there was no judicial findings that the property constituted proceeds or could be traced to proceeds of drug trafficking. (See supplemental response page 5) Therefore, this demonstrate that the jewelry was seized, with the intention to be kept by the government, because with petitioner in jail, nobody would be able to claim them.

Why the government did not make the jewelry subject to forfeiture in the indictment, or the plea agreement as they did with the car, and the building where petitioner had his business? Probably under his ignorance or lack of law matters he would have, accepted the forfeiture as he did by plea to the other properties. Prosecutor has already stated the reasons why not, because they were not drug related proceeds.

Therefore, the forfeiture of such property $39,976.00 worth value of the jewelry was improperly forfeit as proceeds from ilegal drug trafficking, because this allegation are false, there was no investigation as Senior attorney Carmen Pomares, states in her report of July 30, 2006, page 2 fourth paragraph:

> "the investigation revealed that there was probable cause to believe that the forfeiture jewelry was purchased whit proceeds from ilegal drug trafficking. Proceeds are properties that would not have been obtained or retained but for the criminal offense and property is subject to forfeiture." citing Kadonsky v. U.S. 216 F.3d 499.

**- CONCLUSION -**

It is petitioner's belief that in the best interest of fairness, integrity and reputation of justice, the $39,976.00 worth value jewelry assets should be return. There is ample evidence of violations of constitutional rights, there is ample evidence that the DEA violated petitioner's Fourth Amendments rights, with the search and seizure of the jewelry, there is ample evidence that the jewelry was forfeit in violation of Eight Amendment and double jeopardy clause, as excesive punishment and grossly disproportional to the gravity of the defendant's offense, United States v. Bajakajian, 524 US 321.

The government has demonstrate, throughout pleadings and filings that there is to much contradictions, between US Prosecutor ADI Goldstein and DEA Senior attorney Carmen Pomares that provides for doubts, on the procedures to forfeit.

Prosecutor ADI Goldstein can not be excused from failing to provided petitioner with the proper information regarding the status of his claim of the jewelry, because at sentencing petitioner make the claim to this Honorable Judge. And prosecutor could have properly advised petitioner that his counsel fail to amended the claim for assets and she didn't. She could have advised him how to proceed, and she could have acknowledge that petitioner was not notify of the forfeiture procedures. Petitioner was sentence on April 7, 2006 and on March 8, 2006, accordingly with the government exhibit 10, petitioner's counsel was granted 30 days to provide documentary evidence showing the seized property was not used or acquired ilegally. Then why at sentencing when he asked for his jewelry prosecutor did not inform of this decision to petitioner personally or ask him if he had ever received a notice of forfeiture.

Under petitioner's belief this claim for returned of property should be granted. Government should be required to return the improperly forfeit property.

Respectfully Submitted

DATED: 12/10/07

Rafael Santos

RAFAEL SANTOS
REG. NO. 05654-070
LSCI ALLENWOOD
P.O. BOX 1000
WHITE DEER, PA 17887