UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RAFAEL SANTOS, | : | |
| PETITIONER, | : | |
| | : | CIVIL NO. 06-522-S |
| V. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| RESPONDENT. | : | |
| | : | |

## APPLICATION FOR CERTIFICATE OF APPEALABILITY

And Now Comes RAFAEL SANTOS, Petitioner pro se and seeks a Certificate of Appealability (COA) to appeal the District Court's denial of his 28 U.S.C. §2255 motion to vacate, set aside, or correct sentence under ineffective assistance of counsel.

There is two issues under which petitioner is requesting COA. He claims that counsel was ineffective for inducing petitioner into a guilty plea which accepts the forfeiture of a building, a hair styling saloon, and his car a Mercedez Benz, plus 41 months of imprisonment, for the sale of 198 grams of heroin. Been this a grossly disproportionate punishment for the gravity of the offense, in violation of Eighth Amendment of the Constitution. Counsel was ineffective for failing to challenged the defective indictment that did not contain a specific drug quantity, making the forfeiture more disproportionate.

Government did not have any evidence that could link the petitioner's legal business with any illegal separate action.

The second issue petitioner will argue is the District Judge's abuse of discretion to denied the 2255 without an evidentiary hearing. Petitioner in his 2255 motion makes allegations regarding conversations between counsel and client that are not in the record, and that if accepted as true entitles petitioner to relief. The Government fail to ascertain an affidavit from counsel.

It is for this procedural defaults that petitioner is seeking COA.

To obtain a COA petitioner must show that jurist of reason would found it debatable whether petitioner's claim states a valid claim of denial of a constitutional right and that Jurists of reason would found debatable whether the district court was correct in its procedural ruling. Slack v. McDaniels, 529 U.S. 473, 478 (2000).

Section 2255 provides that the court should hold a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. 2255 Rule 4(b).

In the instant case the Judge did not summarily dismiss the case under Rule 4. The Court requested the government to response. The Government in its response fail to ascertain an affidavit from counsel, in order to affirm or deny petitioner's claim that he requested

counsel to appeal his sentence. That is an out of record conversation that can not be corroborated by record. Petitioner submitted an affidavit under penalty of perjury, and Counsel did not respond to his claim. (See petitioner memorandum of law page 2, 9.)

District Judge apparently is mistaken with the issue presented in the 2255 motion. Petitioner is not stating that his counsel was ineffective for advising to waived his right to appeal (see court's order page 6, footnote 3) Petitioner is aware that he did not waived his right to appeal, Petitioner's allegations are the he requested counsel to appeal precisely because he did not waived that right. Petitioner counsel replied stating that he did not have any right to appeal regardless he did not waived them by plea agreement. (See petitioner's habeas motion page 1 and 2. Exhibit A of this COA).

The district Judge states in his order that petitioner can not challenge the indictment itself on the basis that it fail to allege the quantity of drugs for which he was sentence, because he did not challenge it direct appeal. Whether the district court may be right in this assertion, that is why petitioner is claiming that his counsel was ineffective for failing to challenge the indictment and failure to appeal upon request. (See petitioner's 2255 claim).

Regarding the forfeiture claim. Petitioner's claim is not only that counsel fail to challenge the forfeiture of his properties, in a defective indictment, but also that he allowed petitioner to plead to the forfeiture count even though that the indictment was defective in its face. (District order page 9, Petitioner's 2255 pages 6 to 9)

It is petitioner's belief that the District Court totally confused, petitioner's claim under ineffective assistance, and over-view that petitioner's main claim is that he requested counsel to appeal his sentence knowing that he did not waive this right at plea, as the Court now concedes,but counsel misadvised petitioner stating that he had no right to appeal despite he did not waive them. (See 2255 motion page 2)

This was an off record conversations between counsel and client and has to be corroborated, by affidavits or evidentiary hearing when affidavits are contradictive. The Government fail to ascertain an affidavit from counsel. Accordingly this case can not be dismiss as the government request, nor denied without further factual findings regarding the ineffective assistance issues.

As a matter of fact in a separate procedure regarding, the for-feiture of jewelry illegally seized, under the same docket 06-0522-S motion pursuant to 41(e) the Government now in a supplemental response to its previous response is blaming petitioner counsel as ineffective for allowing the administrative forfeiture of the jewelry.

**-CONCLUSION-**

Accordingly there is ample evidence that counsel was ineffective, and that should have been requested to respond. Petitioner has show that jurists of reason would have found debatable petitioner's claim, and will find debatable the Court's defaulted ruling. See Slack v. McDaniels,

Therefore, in the best interest of fairness and reputation of justice, Certificate of Appealability must issue. Case should be remanded and counsel should be requested to respond.

Respectfully Submitted

Rafael Santos

RAFAEL SANTOS
REG. NO.
LSCI ALLENWOOD
P.O.BOX 1000
WHITE DEER, PA 17887

Done this 22 day of December ___, 2007