UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RAFAEL SANTOS :
v. : C.A. No. 06-522-S
UNITED STATES OF AMERICA :

**MEMORANDUM AND ORDER**

William E. Smith, United States District Judge

Rafael Santos has filed a Motion To Return Property Pursuant to [Federal] Rules[sic] of Criminal Procedure 41(e). For the reasons that follow, that motion, as re-characterized,[1] is denied.

## I. BACKGROUND

Santos pled guilty to a four-count indictment charging distributing heroin and conspiring to distribute heroin in two separate drug transactions, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 846 (Counts I, II and III), and seeking criminal forfeiture of certain property (Count IV). The total amount of heroin involved was just under 200 grams, for which Santos received $7,000.[2] He was sentenced to 41 months imprisonment based on this Court's downward departure from the applicable guideline range of 46-57 months, followed by three years of supervised release.

---

[1] See discussion infra at 5-6.

[2] This represents what Santos received from the first drug sale of just under 100 grams. The amount of money involved in the second drug sale is not specified in the record and in any event was not received by Santos due to his arrest.

Pursuant to his plea of guilty to Count IV, certain business real estate owned by Santos was criminally forfeited on September 18, 2006. See Final Order of Forfeiture, Doc. 27, CR 05-108-S. Santos' automobile was forfeited pursuant to a civil proceeding in this Court, see United States v. One 1997 Mercedes E-300D, C.A. No. 06-115-S. His personal jewelry, valued at $39,976, was forfeited in a separate civil administrative proceeding by the Drug Enforcement Agency ("DEA"), DEA Case No. CH-5-0006. The instant motion concerns the forfeiture of the jewelry only.[3]

The jewelry in question was seized in the course of a search of Santos' residence conducted immediately following his arrest. Subsequently, the DEA commenced an administrative proceeding pursuant to 21 U.S.C. § 881 and 18 U.S.C. § 983 to forfeit the jewelry.[4] On October 20, 2005, the DEA sent notice of the proceeding, via certified mail, to Santos at the Wyatt Detention Center and to Santos' residence at 134 Wallace Street, Providence and to Santos' counsel William Murphy; return receipts were received back for each notice. (See Gov't Supp. Mem., Ex. 1-3.)

[3] Santos' claims pertaining to the forfeiture of his business real estate and his vehicle were addressed in this Court's ruling denying his separately filed motion to vacate under 28 U.S.C. § 2255. See CA 06-522-S, Memorandum and Order dated November 19, 2007 (Doc. #10) ("11/19/07 Mem. & Order").

[4] Factual details concerning this forfeiture proceeding are primarily drawn from Exhibits 1-15 attached to the Supplemental Memorandum in Support of the Government's Motion to Dismiss ("Gov't. Supp. Mem.").

The estimated value of the jewelry was listed in the notice as $39,976.[5] (Id.) Notice of the intended forfeiture was also published in The Wall Street Journal. (Id., Ex. 4.)

Santos' counsel filed a claim contesting the original forfeiture. (Id., Ex. 5.) Because the claim was not signed under penalty of perjury by Santos (it appears that a relative signed instead), the DEA issued a notice of deficiency on November 30, 2005. On December 19, 2005, Santos' counsel submitted a claim executed by Santos, but it referenced Santos' automobile rather than his jewelry. (Id., Ex. 7.)[6] On February 13, 2005, the DEA advised Santos' counsel that it had not received a valid claim contesting the forfeiture of his jewelry and that the time period for filing such a claim had expired. (Id., Ex. 8.) The jewelry was administratively forfeited on February 24, 2005. (Id., Ex. 9.) In a subsequent letter dated March 8, 2006, the DEA further explained that because it had not timely received a properly executed claim contesting the jewelry forfeiture, Santos' only

---

[5] The value of the jewelry in issue was listed as $39,976 in all of the documents pertaining to the forfeiture except one: a Status Inquiry Printout ("SIP") for DEA Case No. CH-05-0006 (Misc. Assorted Jewelry), which lists a value of $8,959. See Attachment 1 to Government's Memorandum in Support of the Government's Motion To Dismiss Petitioner's Request for Release of Property ("Gov't Mem."). No explanation is given in the record for this variance.

[6] Inexplicably, the cover letter accompanying this claim, signed by Attorney Murphy, referenced the jewelry but the claim enclosed concerned the automobile. (Id., Ex. 7.) That claim was referred for the institution of judicial forfeiture proceedings in this Court, as noted above.

recourse was to submit a petition for remission or mitigation of forfeiture. (Id., Ex. 10.)

On April 4, 2007, Santos' counsel filed a petition for remission or mitigation seeking the return of the forfeited jewelry. (Id., Ex. 11.) On July 30, 2006, the DEA denied that petition. (See Letter dated July 30, 2006 from Carmine R. Pomares, Senior DEA Attorney to Attorney Raymond A. Mansolillo, id., Ex. 13.) The reviewing attorney found (1) that there was probable cause to believe that drug-related funds were used to purchase the forfeited property and that Santos had failed to prove by a preponderance of the evidence that the funds used to purchase the forfeited jewelry "had come from an independent, non-drug-related source;" (2) that the forfeiture was proportional to the offense; and (3) that Santos was not an "innocent owner" of the property. The reviewing attorney also determined that there were no extenuating circumstances that warranted mitigation of the forfeiture and that the administrative forfeiture was proportional to the offense and thus was not in violation of the Eighth Amendment. (Id. at 2-3.) Santos' petition for reconsideration was filed on August 18, 2006 (id., Ex. 14) and was denied on September 28, 2006 (id., Ex. 15).

Thereafter, Santos filed *pro se* the instant Motion to Return Property contesting the seizure and forfeiture of his jewelry. In his motion and supporting papers Santos contends: (1) that his due

process rights were violated in the original forfeiture proceeding because he did not receive personal notice of that proceeding, and (2) that the seizure of his jewelry constitutes a punishment that was unreasonably disproportionate to his offenses in violation of the Eighth Amendment.[7] The Government filed a motion to dismiss Santos' motion, and Santos filed a reply to the motion to dismiss.

At this Court's request, the parties filed supplemental memoranda in connection with the instant Motion to Return Property. The Court has considered both the Government's supplemental memorandum in support of its motion to dismiss and Santos' reply to the supplemental memorandum. This matter is ready for decision.

## II. DISCUSSION

As a threshold matter, the Court notes that although Santos purports to bring his motion for return of property pursuant to Fed. R. Crim. P. 41(e) [now 41(g)], such a motion is not available after a criminal case has closed. See Gonzalez-Gonzalez v. United States, 257 F.3d 31, 36 (1st Cir. 2001); United States v. Giraldo, 45 F.3d 509, 511 (1st Cir. 1995). Therefore, this Court will construe Santos' motion as a civil complaint contesting the forfeiture of his jewelry. Gonzalez-Gonzalez, 257 F.3d at 35

[7] In his papers, Santos also alleges that his counsel was deficient in contesting this forfeiture. However, as noted in this Court's ruling denying Santos' § 2255 motion to vacate, an ineffective assistance claim concerning counsel's performance on that point is not cognizable here, as there is no Sixth Amendment right to counsel in civil forfeiture proceedings. See 11/19/07 Mem. & Order at 8-9.

(where a claimant cloaks his constitutional challenge in the garb of a Rule 41(e) motion, "the court simply will treat such a motion as a civil complaint") (citing Giraldo, 45 F.3d at 511). So construed, the motion and all related filings shall be re-docketed accordingly, and the Court treats the Government's motion to dismiss as a motion seeking dismissal of Santos' re-characterized civil complaint. See note 1, supra.

A. General Principles

The Civil Asset Forfeiture Reform Act, codified in part at 18 U.S.C. § 983, provides the process applicable to civil forfeitures of certain property. United States v. One Parcel of Real Prop. Known as 45 Claremont St., 395 F.3d 1, 3 (1st Cir. 2004). A forfeiture of property of a value less than $500,000 can be completed administratively by a declaration. If a claim is filed contesting the forfeiture, the matter is referred to the United States Attorney's Office for the institution of a forfeiture action in court. 18 U.S.C. § 983(a)(2)-(3); 19 U.S.C. § 1609. See Gonzalez-Gonzalez, 257 F.3d at 35. If no interested party files such a claim, however, the Government can proceed to declare the property forfeit without judicial intervention. 19 U.S.C. § 1609. See id.

Generally, "[d]istrict courts lack jurisdiction to review the merits of [an administrative] forfeiture unless the agency failed to follow statutory and constitutional due process standards."

United States v. Robinson, 434 F.3d 357, 364 (5th Cir. 2005); Mesa Valderrama v. United States, 417 F.3d 1189, 1194 (11th Cir. 2005). Moreover, the denial of a petition for remission or mitigation of forfeiture is made solely at the discretion of the Attorney General, 21 U.S.C. §881(d); 19 U.S.C. § 1618, and his decision is not subject to judicial review on the merits. See United States v. One 1987 Jeep Wrangler Auto., 972 F.2d 472, 479 (2d Cir. 1992).

However, district courts do retain the authority to entertain due process challenges to administrative forfeiture proceedings. Gonzalez-Gonzalez, 257 F.3d at 35. See United States v. Mosquera, 845 F.2d 1122, 1126 (1st Cir. 1988) (per curiam) (noting that district courts have federal question jurisdiction over due process challenges to administrative forfeitures).

B. Notice of Forfeiture Proceedings

Santos first contends that his due process rights were violated because he did not receive personal notice of the jewelry forfeiture proceeding.

It is well established that a person whose property is being forfeited is entitled to notice, reasonably calculated under all the circumstances, to apprise interested parties of the pendency of a legal action and an opportunity to present their objections. Gonzalez-Gonzalez, 257 F.3d at 35 (citing Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). See also Mathews v. Eldridge, 424 U.S. 319, 348, (1976) ("The essence of due process is

the requirement that a person in jeopardy of serious loss [be given] notice of the case against him and opportunity to meet it."). As to the type of notice, all that is required is that the government "afford notice sensibly calculated to inform the interested party of the contemplated forfeiture and to offer him a fair chance to present his claim of entitlement." Gonzalez-Gonzalez, 257 F3d at 36; see Mesa, 417 F.3d at 1197 ("Reasonable notice . . . requires only that the government attempt to provide actual notice; it does not require that the government demonstrate that it was successful in providing actual notice.") (citing Dusenbery v. United States, 534 U.S. 161, 170 (2002)).

Here, it is clear from the record that Santos and his counsel received adequate notice of the forfeiture and took affirmative steps to contest that forfeiture. Even if he did not receive in-hand notice, the documents pertaining to the forfeiture proceeding show that notice of the intended forfeiture was sent to Santos at the detention facility where he was then being held, to his residence and to his counsel. (See Gov't. Supp. Mem., Exh. 1-3.) This was constitutionally sufficient. See Whiting v. United States, 231 F.3d 70, 76 (1st Cir. 2000) (notice by certified mail to home address and place of immurement deemed sufficient); Mesa Valderrama, 417 F.3d at 1197 (in-hand notice not constitutionally required).

Moreover, Santos does not deny that his counsel received timely notice of the intended forfeiture of the jewelry and filed a claim contesting the forfeiture on Santos' behalf. Indeed, he acknowledges that he paid his counsel to pursue a claim contesting the administrative forfeiture, which suggests they conferred on this matter. (See Reply at 2.) Santos likewise does not dispute that his claim did not contain his personal signature under oath and that as a result, it was deemed deficient. Santos offers no explanation as to why his deficient claim was not corrected.

The fact that a different value for the jewelry ($8,959) is set forth in the SIP does not prove a lack of notice to Santos. All of the other forfeiture documents in the record -- including the notices, the Declaration of Forfeiture, correspondence between the DEA and Santos' counsel, and the denial of the Petition for Remission or Mitigation of Forfeiture -- contain the claimed value of $39,976. (See e.g. Gov't Sup. Mem., Exs. 1-3, 10, 11.) From its review of these documents, this Court is satisfied that the DEA was aware throughout the proceedings of Santos' valuation of the jewelry at $39,976.

This Court finds that Santos received adequate notice of, and opportunity to contest, the administrative forfeiture in question and thus there was no due process violation to render it invalid.

This Court further finds that there was no other procedural deficiency in the administrative forfeiture proceedings in issue.

The DEA's conclusion that the claim was procedurally deficient because it was not personally signed by Santos under oath as required by statute, see 18 U.S.C. § 983(a)(2)(C)(iii), was reasonable. Moreover, the fact that the claim contesting the administrative forfeiture of his automobile was referred for a civil judicial forfeiture proceeding, see United States v. One 1997 Mercedes E-300D, C.A. No. 06-115-S, suggests that the DEA was aware of its obligations when it received a properly signed claim. However, because no properly executed claim contesting the forfeiture of Santos' jewelry was filed with the DEA, that property was administratively forfeited. 19 U.S.C § 1609. See Gonzalez-Gonzalez, 257 F.3d at 35.

C. Eighth Amendment Claim

Santos further claims that the forfeiture of his jewelry valued at $39,976 -- on top of the forfeiture of his real estate and automobile -- was disproportionate as compared to his drug offenses and thus violated the Excessive Fines Clause of the Eighth Amendment.[8] This claim likewise fails for several reasons.

1. Jurisdiction

First, under existing law it is doubtful that this Court has jurisdiction to hear Santos' Eighth Amendment claim. As noted above, district courts lack jurisdiction to review the merits of an

---

[8] The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const., amend. VIII.

administrative forfeiture other than to determine whether the agency failed to follow statutory and constitutional due process standards. Robinson, 434 F.3d at 364. A number of federal courts have articulated this principle. See United States v. Schinnell, 80 F.3d 1064, 1069 (5th Cir. 1996) ("Once the administrative forfeiture [is] completed, the district court lack[s] jurisdiction to review the forfeiture except for failure to comply with procedural requirements or to comport with due process."); 1987 Jeep, 972 F.2d at 479 (federal courts lack jurisdiction to review the merits of administrative forfeiture decisions once the administrative process has begun).[9]

While it has not squarely addressed the issue, the First Circuit has suggested the same principle. See Giraldo, 45 F.3d at 511 (1st Cir. 1995) (although "most challenges to forfeiture would be foreclosed by a plaintiffs' [sic] failure to utilize the mechanism for obtaining judicial relief provided in the forfeiture statute and regulations, courts have entertained challenges to the adequacy of notice . . ."); Caraballo v. United States, 62 Fed. Appx. 362, **1 (1st Cir. 2003) (unpublished) ("it is well settled

[9] See also Garcia v. Meza, 235 F.3d 287, 290 (7th Cir. 2000) (if plaintiff's claims could have been raised in the administrative proceeding, but were not, "the forfeiture cannot be challenged in the district court under any legal theory," except to determine "whether the notice given . . . afforded the claimant constitutional due process"); Reddick v. United States Dep't of Justice, No. 05-CV-256, 2006 WL 2077500 (D.N.H. July 24, 2006) (same).

that, once an administrative forfeiture becomes final, the district court may review only the adequacy of notice"). Santos has cited no authority holding otherwise, nor has this Court found any.

2. Application of Excessive Fines Clause

Even apart from jurisdiction, it is questionable whether the civil administrative forfeiture at issue here is subject to the Eighth Amendment.

Forfeitures are subject to the Eighth Amendment's Excessive Fines Clause "if they constitute punishment for an offense." United States v. Heldeman, 402 F.3d 220, 223 (1st Cir. 2005) (citing United States v. Bajakajian, 524 U.S. 321, 328 (1998)). If the forfeiture is deemed a punishment, a court must consider whether the forfeiture is "grossly disproportional to the gravity of the defendant's offense" and thus violates the Excessive Fines Clause. Bajakajian, 524 U.S. at 337. In determining whether the fine was grossly disproportional, a court looks at three factors: (1) whether the defendant falls into the class of persons at whom the criminal statute was principally directed; (2) other penalties authorized by the legislature (or the Sentencing Commission); and (3) the harm caused by the defendant. Id. at 337-40.[10]

---

[10] In Bajakajian the Court found that the forfeiture of $357,144 in cash would be grossly disproportional to the gravity of the defendant's offense of not reporting currency taken abroad and thus would violate the Excessive Fines Clause of the Eighth Amendment. United States v. Bajakajian, 524 U.S. 321, 339-40 (1998).

Civil *in rem* forfeitures pursuant to judicial forfeiture proceedings under 21 U.S.C. § 881(a)(4) and (a)(7)[11] constitute punishment subject to the Excessive Fines Clause of the Eighth Amendment, Austin v. United States, 509 U.S. 602, 622 (1993), and thus may not be "grossly disproportional" to the gravity of the defendant's offense. See 45 Claremont St., 395 F.3d at 6 (following other circuit decisions).

The Government points out that the forfeiture at issue here is distinguishable from Bajakajian and its progeny in two respects: (1) the property at issue here was forfeited through civil administrative forfeiture proceedings, in contrast to the civil and criminal *judicial* forfeitures involved in each of those cases, and (2) the property here constituted "proceeds" of the offense and was forfeited pursuant to 21 U.S.C. § 881(a)(6), unlike the property forfeited in Austin and Bajakajian under § 881(a)(4) and/or (a)(7).

This Court need not address the first distinction, if indeed it can be addressed,[12] as there is ample case law as to the second

---

[11] Those provisions relate to property that is "used" or "intended to be used" to "transport" controlled substances or "facilitate" the distribution or manufacturing of controlled substances.

[12] There is a dearth of case law on whether Bajakajian's "grossly disproportional" standard applies to civil administrative forfeitures. The First Circuit has not addressed the issue, and the decisions cited by the Government all pertain to claims of double jeopardy rather than excessive fines. The lack of decisional law may well be due to appellate court rulings that district courts lack jurisdiction to review the merits of such forfeitures, as discussed supra at 10-11.

distinction supporting the proposition that the Excessive Fines Clause of the Eighth Amendment does not apply to the forfeiture of drug 'proceeds' pursuant to 21 U.S.C.§ 881(a)(6) -- as distinguished from property forfeited under § 881(a)(4) and (a)(7). See e.g., United States v. Real Prop. Located at 22 Santa Barbara Dr., 264 F.3d 860, 875 (9th Cir. 2001) ("the excessive fines clause of the Eighth Amendment does not apply to a forfeiture action brought under 21 U.S.C. §881(a)(6)"); United States v. Lot 41, Berryhill Farm Estates, 128 F.3d 1386, 1395-96 (10th Cir. 1997) (forfeiture of drug proceeds pursuant to §881(a)(6) "can never be constitutionally excessive"). Cf. United States v. Betancourt, 422 F.3d 240, 251 (5th Cir. 2005) (Eighth Amendment does not apply to criminal forfeiture of lottery winnings, where lottery ticket was purchased with proceeds of drug sales).

In the absence of any First Circuit decisions on point, this Court finds that precedent persuasive. Thus, because the Eighth Amendment's Excessive Fines Clause does not apply to the forfeiture at issue here, Santos's claim must fail.

Finally, even if the Bajakajian disproportionality test were deemed applicable to the forfeiture of jewelry at issue in this case, that forfeiture was in any event not grossly disproportionate for Eighth Amendment purposes. Following the factors outlined in Bajakajian and Heldeman, Santos, as a felon convicted of selling heroin, clearly falls within the class of persons at whom 21 U.S.C

§ 841 is directed, and the societal harm caused by his drug offenses is unquestionably great. The Sentencing Guideline penalties for Santos' offenses included fines in an amount from $10,000 up to $3 million. See USSG §§ 5E1.2(c)(3-(4); 21 U.S.C. § 841(a)(1) and (b)(1)(C) and § 846. In light of these penalties, the forfeiture of $39,976 of jewelry -- even when added to the forfeiture of Santos' real estate and automobile -- was not grossly disproportional to the gravity of Santos' offense. See Heldeman, 402 F.3d at 223 (forfeiture of residence in which defendant had $900,000 equity was not grossly disproportional to offense of selling drugs from home).

III. CONCLUSION

For all of the foregoing reasons, the Government's motion to dismiss Santos's motion for return of the forfeited jewelry is granted, and Santos' motion for return of property, re-characterized as a civil complaint, is DENIED and DISMISSED.

The clerk is hereby directed to re-docket Santos' re-characterized motion, the Government's motion to dismiss and all related filings as a separate civil action with a new number.

IT IS SO ORDERED:

WESmith

William E. Smith
United States District Judge
Date: 3/28/08