V. Smith
06-cv-522

# United States Court of Appeals
## For the First Circuit

No. 08-1050

RAFAEL SANTOS

Petitioner

v.

UNITED STATES

Respondent - Appellee

Before

Lipez, Circuit Judge
Selya, Senior Circuit Judge
and Howard, Circuit Judge

JUDGMENT

Entered: July 2, 2008

Rafael Santos seeks a certificate of appealability (COA) to appeal from the district court's summary dismissal of his motion pursuant to 28 U.S.C. § 2255. Santos seeks a COA to pursue on appeal two ineffective assistance of counsel claims that he alleges were raised in his § 2255 motion: 1) that his attorney was deficient in inducing him to plead guilty under terms that included agreement to (a) a drug quantity that was not charged in the indictment and (b) the forfeiture of real property in the absence of evidence of the requisite nexus between the property and the offenses charged; and 2) that he asked counsel to file an appeal from his conviction and sentence, but counsel incorrectly informed him that he had no right to appeal. Santos argues that the district court should have held an evidentiary hearing on the latter claim.

We conclude that reasonable jurists could not find debatable or wrong the denial of the guilty plea-based ineffective assistance claims substantially for the reasons stated by the district court in its thoughtful memorandum and order dated November 19, 2007. The failure of the indictment to charge a specific drug quantity did not deprive the district court of jurisdiction to impose sentence. See United States v. Cotton, 535 U.S. 625, 631 (2002). Nor did the sentence imposed (which was well below the statutory maximum sentence under 21 U.S.C. §

841(b)(1)(C) for "a detectable amount of heroin," as charged in the indictment) violate the rule of Apprendi v. New Jersey, 530 U.S. 466 (2000). See United States v. Duarte, 246 F.3d 56, 60 (1st Cir. 2001). The consent decree entered into by Santos in connection with his guilty plea to the criminal forfeiture charge was supported by the prosecution version of the offense conduct contained in the presentence investigation report, and Santos never objected to this account. Under these circumstances, reasonable jurists could not find debatable or wrong the district court's summary dismissal of the claim that counsel provided ineffective assistance in advising Santos to plead guilty on those terms.[1]

Santos also seeks a COA from this court, as he did from the district court, to argue on appeal that counsel provided ineffective assistance by incorrectly advising him that he had no right to appeal. This argument was alluded to in the §2255 motion, but never squarely presented in those terms and never addressed by the district court. Santos maintains that his vague and cryptic allegations merited at least an evidentiary hearing on this claim; yet, in his response to the government's motion summarily to dismiss the § 2255 motion, he did not address this supposed claim at all, nor did he mention the purported need for an evidentiary hearing to address his allegations in support of this claim. Although the § 2255 motion included a passing mention that Santos asked his attorney about an appeal and that counsel responded that he had no right to appeal, those same perfunctory comments also suggested that Santos remained convinced of his right to appeal. Moreover, neither the motion nor the COA request expressly alleged that Santos failed to file an appeal because of counsel's deficient advice. Under these circumstances, we conclude that this ineffective assistance claim was never squarely presented to the district court and, therefore, we cannot consider it. See United States v. Washington, 434 F.3d 7, 16 (1st Cir. 2006) (declining to consider jury composition claim because it was "not properly raised before the district court").

Santos' request for a COA is denied and the appeal is terminated.

By the Court:

/s/ Richard Cushing Donovan, Clerk

---

1 Santos seeks a COA to pursue the argument that counsel was also deficient because the forfeiture and prison sentence resulting from his guilty plea was disproportionate to the gravity of his offenses. No COA is warranted both because the issue was not raised in his § 2255 motion and because he has failed to demonstrate that such claim has any merit on this record.